530　　Appellate Courts of Illinois.

Bernier v. Illinois Central Railroad Co., 213 Ill. App. 530.

## Wilbert Bernier, Administrator, Appellee, v. Illinois Central Railroad Company, Appellant.

### Gen. No. 6,617.

1. Negligence, § 128*—*when failure to negative contributory negligence at time of accident cured by verdict.* The failure of the plaintiff, in an action against a railroad company for wrongful death, to allege absence of contributory negligence at the moment of the accident, without demurrer by the defendant, is cured by verdict for the plaintiff.

2. Negligence, § 226*—*when instruction on ordinary care is erroneous.* In an action against a railroad company for wrongful death, it is erroneous to instruct that the deceased exercised ordinary care if she exercised due care at the time of her death, without requiring due care in approaching the place of danger.

3. Appeal and error, § 1544*—*when instruction on contributory negligence not prejudicially erroneous.* In an action for wrongful death, an erroneous instruction requiring due care at the time of death, but failing to require due care in approaching the place of danger, is not prejudicial where not directing a verdict and the true rule is subsequently stated in another instruction.

4. Negligence, § 109*—*when necessary that parents of child exercise due care.* In an action for wrongful death of a 16-year-old girl while accompanied by her parents, if the deceased is treated as a child as to the care required of her, then it is necessary that her parents should have been in the exercise of due care.

5. Railroads—*when instruction should state as to when person is lawfully on tracks.* In an action for wrongful death of a person crossing railroad tracks, it is improper to submit the question of law as to whether the deceased was lawfully upon the tracks, without explaining and instructing the jury as to what would be lawful.

6. Railroads, § 593*—*when instruction on presumption of negligence from violation of speed regulation is erroneous.* In an action for wrongful death of a person crossing railroad tracks, it is erroneous to instruct that the law presumes death was caused by the company's negligence, if the train was exceeding the speed limit, where the evidence is conflicting as to the question of the deceased's right to be on the tracks.

7. Railroads, § 527*—*what care required to not injure prospective passengers crossing tracks.* The doctrine that a railroad company owes no duty to a licensee upon its right of way except to use

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

due care to avoid injury after his presence is known is modified in relation to prospective passengers passing over the tracks to the station.

8. RAILROADS, § 593*—*when instruction as to extent of duty of engineer as to control of engine is erroneous.* In an action for death of a prospective passenger, killed while passing across the tracks to the depot, it is erroneous to instruct that it was the engineer's duty to keep his train under control at such places so as to avoid injury to persons passing over the tracks, as this makes the railroad company an insurer.

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded. Opinion filed February 8, 1919.

W. R. HUNTER, for appellant.

E. A. MARCOTTE and J. BERT MILLER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On October 4, 1917, Bernice Bernier, then one month less than 16 years old, and her mother, Mrs. Melvina Bernier, were on a platform in front of the passenger station of the Illinois Central Railroad at the City of Kankakee and were too close to the southbound track, and they were struck by a southbound passenger train then coming into the station, and Bernice was killed. Her administrator brought this suit against the railroad company to recover damages for said death for the benefit of the next of kin. There was a jury trial and plaintiff had a verdict for $2,500, and a judgment thereon, and defendant appeals therefrom.

At said passenger station the railroad tracks run substantially north and south and occupy the full width of a block. East avenue is on the east side of said right of way, and West avenue on its west side. These avenues extend north and south. The passenger sta-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion is on the east side of the right of way. From East avenue directly in front of the passenger station, Merchant street runs east. From West avenue opposite the same point, West Merchant street runs west. There is a large population in the city west of West avenue. One block north of Merchant street, West Court street passes above the railroad on a stone viaduct. A block south of Merchant street, Station street crosses the railroad at grade. Merchant street was never laid out from East avenue to West avenue. West of the passenger station is a wide platform and then the northbound main track, and then a platform, and then the southbound main track. These platforms are for the accommodation of passengers going either way. West of the southbound main track is a platform designed for the benefit of one train called the "Bloomington passenger." West thereof are four switch tracks, which constitute the freight yards of the company. They are at different distances apart, and beyond them is a vacant space before West avenue is reached. For many years people traveling on foot between the parts of the city east and west of the railroad and to whom Merchant street, if extended across the railroad, would be most convenient, and people wishing to go to and from said passenger depot from the west, had been in the habit to some extent of going from West Merchant street to the depot, or in the opposite direction, over all of said six tracks when not blocked by trains or standing cars. Ten or twelve years before this accident the railroad employees at the depot made a cinder path from the west side of the main tracks to the west side of the switch tracks of a width of from 3 to 6 feet, and nearly in what would have been the line of a north sidewalk on Merchant street if it had crossed said right of way; and they did this for their own convenience in conveying ashes from the depot to the west side of said grounds in wet weather. Thereafter people who crossed said grounds

SECOND DISTRICT—FEBRUARY, 1919.     533

Bernier v. Illinois Central Railroad Co., 213 Ill. App. 530.

there went on said cinder path. Many years ago the railroad put up and thereafter maintained a large signboard on its right of way just east of West avenue and just north of where Merchant street would have been if it had been extended across said right of way, on which signboard in large letters were these words: "Notice—Danger! Railroad Grounds. All persons are forbidden to go upon these grounds or tracks. All persons going thereon do so at their peril." On the evening in question at about 8 p. m., Bernice Bernier and her mother were on West avenue. They lived at Clifton, south of Kankakee, and wished to purchase tickets from appellant from Kankakee to Clifton, and intended to take a train at about 10 o'clock p. m. They wished to buy their tickets then, and afterwards go to a place of amusement with Mr. Bernier until train time. They started across said tracks towards the passenger station on this cinder path. A long freight train was then going north on the main northbound track nearest the depot. They crossed the switch tracks and crossed the southbound track. At that time a fast passenger train was approaching from the north on said southbound track. There was a curve some distance north of the viaduct, so that one where they were as they approached the southbound track might be unable to tell on what track a headlight was approaching north of the curve, and, if the northbound track at the curve was obstructed by a freight train, one where they were might not be able to see the headlight until after it passed the curve. Mrs. Bernier did not observe the coming train which was running at a greater rate of speed than the ordinance of the City of Kankakee permitted. She and her daughter could not pass on to the depot because the freight train had not yet got by. The train was making a grinding as if the brakes were set. The clear space between the cars of two trains at that point, one on the northbound and one on the southbound track, was about 6 feet. Mrs. Bernier and her daughter were east of the east rail of the southbound

track but so near it that they were struck by that train. There is evidence tending to show that the engineer, as he approached the viaduct, saw them west of the southbound track going east, and could have stopped his train before reaching them if he had then sought to do so. They were not looking towards him. He knew that people often passed over the tracks at that place. He knew the freight train was going by. He concluded they had time enough to get across his track and that they knew what they were doing. He turned his attention from them to the board at the station to see what signal it gave him as it was his duty to do. When he looked again, he saw they were too close to the east rail and he then sounded sharp warnings and did all he could to stop his train.

Some counts of the declaration charged that defendant wilfully and wantonly ran the train against Bernice and killed her. Others set up the facts in relation to said pathway across said tracks and their use by the public and the knowledge thereof by the defendant and that Bernice was going to the station to purchase a ticket for passage on defendant's railroad. Others charged negligent operation of the train. Another set out an ordinance of the city limiting the speed of passenger trains to 10 miles per hour, and the violation of said ordinance by this train and the consequent result of the death of Bernice. Defendant pleaded the general issue.

The contentions of the respective parties are as follows: 1. Appellee claims this cinder pathway was a public highway and that deceased was entitled to all the safeguards that railroads are required to furnish at public highways.

2. Appellant contends that these were private grounds of the railway and that deceased and her mother were trespassers and that appellant's engineer owed them no duty except not to wilfully and wantonly injure them after their presence was discovered.

3. Each side further contends that if its main con-

tention above stated is not sustained, then deceased and her mother were licensees.

4. If licensees, appellee contends that appellant owed them the same duty that it would have owed them at a highway crossing.

5. If licensees, appellant contends that it owed them no duty, except not to wilfully or wantonly injure them after their presence was discovered.

6. Appellee also contends that the proof warranted the conclusion that the engineer in charge of the passenger train was so reckless of the safety of deceased and her mother after he discovered their presence in a place of danger as to warrant a verdict as for a wanton and wilful injury. As the case must be tried again, we refrain from discussing the evidence to determine which positions are warranted by the preponderance of the evidence.

Appellant contends that some counts of the declaration do not state a good cause of action, because they limit the exercise of due care by the deceased to the time while she was crossing the southbound track, whereas it should have alleged that she exercised due care while approaching the same. In *City of East Dubuque v. Burhyte,* 74 Ill. App. 99, and 173 Ill. 553, there was an absence from the declaration of the necessary averment that the city had notice of the defective and dangerous condition of the sidewalk there involved. There, as here, the declaration was not questioned by demurrer, and it was held that it was good after verdict, upon authorities there cited. We hold that rule applicable here. The third instruction, given for appellee, said that if deceased, at the time of her death, exercised that degree of care which an ordinarily prudent child of her age, capacity, intelligence and experience would exercise under like circumstances, and that she exercised this care at the time of her death, then she exercised ordinary care at the time of her death. Undoubtedly, due care was required to be exercised by deceased while she ap-

536   APPELLATE COURTS OF ILLINOIS.

Bernier v. Illinois Central Railroad Co., 213 Ill. App. 530.

proached this place of danger, as well as at the exact moment of her death, and this statement ought not to be repeated in that form at another trial. But that instruction did not direct a verdict, and the true rule was stated in No. 16, given at the request of appellant. Some of the instructions given at appellee's request required due care to be exercised by the deceased, while others require of her only such care as a child of her age, etc., would exercise. If she is to be treated as a child of tender years, then it was necessary that her parents should have been in the exercise of due care (*Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424); and if she is to be treated as a child of tender years, instructions based upon the due care of deceased only were insufficient. But these instructions did not direct a verdict, and the true rule is stated in instructions Nos. 15 and 17, given for appellant. Several instructions given for appellee directed the jury to reach certain conclusions, if they found certain things, among them, if they found that deceased was lawfully upon the tracks. No instruction told the jury, except in some very roundabout way, what state of facts would be required to make the presence of deceased upon the tracks lawful. In submitting the question whether deceased was lawfully upon the tracks, without any information as to the rules of law governing that subject, the court improperly submitted a question of law to the jury. The fourth instruction was to the effect that if the train was run in violation of the ordinance the law presumes the death of Bernice was caused by defendant's negligence. That instruction is supposed to be supported by *Winn v. Cleveland, C., C. & St. L. Ry. Co.*, 239 Ill. 132, but that accident occurred at a highway crossing and that rule is not applicable here, unless deceased was either upon a public crossing or was a licensee. The doctrine upon which appellant relies that it owes no duty to a licensee except to use due care to avoid injuring him after his presence is discovered as laid down in *Illinois Cent. R. Co. v.*

*O'Connor,* 189 Ill. 559, must be considered modified by *Joy v. Chicago, B. & Q. R. Co.,* 263 Ill. 465, so far as relates to a situation like that shown by the evidence here. See also *Neice v. Chicago & A. R. Co.,* 254 Ill. 595, and also *Frechett v. Illinois Cent. R. Co.,* 197 Ill. App. 213, which the Supreme Court approved to the extent of denying a certiorari. The seventh instruction submitted to the jury whether they believed from the evidence various things which the appellee's testimony tended to establish, and then told the jury that in such case under the law it was the duty of the engineer to keep a lookout for persons passing across said tracks at said place and to have his train under control so as to avoid injury to persons passing across said tracks, and that a failure by the engineer to do this under such circumstances would be negligence of the defendant. This made the railroad company an insurer of the safety of persons crossing said tracks. All it should have required of the engineer was to exercise reasonable care to keep a lookout for persons and reasonable care to have his train under control, and the jury should not have been told that he must avoid injury to persons passing over said tracks.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*