CUTTLE *v.* CONCORDIA MUTUAL FIRE INS. CO.

1. INSURANCE—MUTUAL FIRE COMPANIES—CHARTERS—BY-LAWS.

Members of a mutual fire insurance company are bound by changes in the charter, authorized by statute, and in the by-laws, adopted at a called meeting (Act No. 109, Pub. Acts 1933).

2. SAME—NOTICE OF ASSESSMENT—BURDEN OF PROOF OF MAILING.

Notice of assessment of member of mutual fire insurance company by mailing to last known post office address as shown by the records of the company is a valid method of giving such notice and places burden on insurance company to establish the fact that the notice of assessment was properly mailed (Act No. 109, Pub. Acts 1933).

3. Same—Notice of Assessment—Mailing—Evidence of Nonre-
ceipt—By-Laws.

Evidence of nonreceipt of a notice of assessment by a member of
a mutual fire insurance company is admissible upon the issue
of whether the notice was, in fact, mailed, where a by-law of
the company provides that proof of mailing should constitute
conclusive evidence that it was received; the fact of mailing,
not receipt, is controlling.

4. Same—Notice of Assessment—Mailing—Instructions.

In action for loss by member of mutual fire insurance company
which had by-law providing that proof of mailing of notice of
assessment should be conclusive evidence of its receipt, where
issue presented was as to the mailing of the notice, instructions
to jury that they were to determine whether or not plaintiffs
received notice of assessment, and that insurer had burden of
showing by preponderance of evidence that notice was mailed
and brought home in some manner to plaintiff members *held*,
error which was not cured by subsequent instruction that if
jury found it was given as testified to by defendants there
should be no recovery (Act No. 109, Pub. Acts 1933).

Appeal from Arenac; Shaffer (John C.), J. Sub-
mitted June 21, 1939. (Docket No. 62, Calendar No.
40,581.) Decided September 5, 1939.

Assumpsit by Charles Cuttle and wife against
Concordia Mutual Fire Insurance Company on a
fire insurance policy. Verdict and judgment for
plaintiffs. Defendant appeals. Reversed and new
trial granted.

*Harry E. Converse* (*Leibrand & Leibrand,* of coun-
sel), for plaintiff.

*Gilbert W. Hand* and *Harold J. Hand,* for defend-
ant.

Wiest, J. In June, 1933, plaintiff took out fire
insurance in defendant Concordia Mutual Fire In-
surance Company on their farm buildings and there-

by became members of the company, with rights subject to its charter and by-laws then or thereafter in force. Under the then charter and by-laws plaintiffs were entitled to service of notice of assessments upon them personally, or by the leaving of the same at their place of residence with some person of suitable age and discretion. In October, 1934, at a called meeting of the members of the company, the charter was amended to conform with the provisions of Act No. 109, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 12621–1 *et seq.*, Stat. Ann. § 24.472 *et seq.*), relative to uniform farm mutual fire insurance policies, and the by-laws relative to assessment, notice, and forfeiture were then amended as follows:

"Notice of such assessment shall be sent by mail to each member to the last known post office address as shown by the records of the company, including with the notice, unless previously supplied to the member, a statement of the financial condition of the company at the close of the preceding year, the name and location of the losers, and the amount of the loss, requesting payment of the assessment within 30 days. Proof of mailing of such notice shall be conclusive evidence of its receipt. * * *

"If such an assessment is not paid within 30 days from the date of notice aforesaid 5 per cent. shall be added as a collection fee and if the said assessment together with the collection fee is not paid within 90 days from the date of notice of assessment, the policy held by the party so assessed shall forthwith and automatically stand suspended without further notice from the company, and the company shall not be liable thereunder for any loss subsequent to said 90-day period."

The assessment upon policy holders was made in August, 1937, and the proper agent of the company testified that, on November 8, 1937, he mailed due notice thereof in a stamped envelope properly ad-

dressed to plaintiffs at Standish, their post office address, and it was not returned. Such assessment was not paid.

In May, 1938, plaintiffs sustained a fire loss and, upon refusal of the company to pay the loss, brought this suit and, upon trial by jury, had verdict with judgment thereon. Both parties moved for directed verdicts, which were denied. Defendant appeals and plaintiffs, by cross-appeal, claim right to a directed verdict.

Consideration of defendant's appeal will cover the questions stated in plaintiffs' cross-appeal.

Plaintiffs denied ever receiving the notice of the claimed mailed assessment or notice of the meeting at which the mentioned changes in the charter and by-laws were made or having received notice of such changes.

Plaintiffs, as members of the mutual company, were bound by changes in the charter (authorized by statute) and in the by-laws, adopted at a called meeting.

The amended by-law method of notice of the assessment was valid. The burden was on the insurance company to establish the fact that the notice of assessment was properly mailed. Evidence of nonreceipt thereof by plaintiffs was admissible upon the issue of whether it was, in fact, mailed. The question under the by-law was not whether the notice was, in fact, received but whether it was, in fact, mailed, for, if mailed, that fact constituted conclusive evidence that it was received.

The court, after stating the contentions of the parties, instructed the jury:

"So that the important question for you to determine in this case as it has boiled down after certain argument to which you were absent from the court room; the important question for you to determine

is whether or not the plaintiffs in the case received notice of the assessment that was levied for the year 1937."

This was error. The issue was whether the notice was mailed. If it was duly mailed, such fact, under the by-law, was conclusive evidence of its receipt, and nonreceipt could only be considered upon the issue of the mailing and the instruction should have so made limitation.

The court also instructed the jury:

"The amount of the loss is not in dispute; the fact of the giving of the policy of insurance; the fact of the fire and how it occurred, and as I said, the loss, those are not disputed questions of fact at all, they are all admitted by the parties in the case, so that your sole question to determine is as to the giving of the notice of assessment. Now, the fact that it was not received perhaps is not conclusive of the fact that it was given but, of course, it is some proof; if you believe the testimony of the Cuttles that they did not receive it, that is some testimony and some proof that the notice was never given, so that you have those things to take into consideration.

"Now, ordinarily, the plaintiff has the burden of proof, he must prove his case in civil cases by a preponderance of the evidence. The defense made in this case is of nonpayment of the assessment, and, of course, in that connection they must show that they gave notice of the assessment, and they must satisfy that question in your minds by a preponderance of the evidence, so that the burden in that instance and in that question that you are about to consider and determine, the burden of proof then, is upon the defendants to satisfy you by a preponderance of the evidence in the case, that they, the defendants, or their agents, mailed the notice and brought home notice in some manner to the plaintiffs in the case."

This instruction was subject to the same fault hereinbefore mentioned.

It is true the court, at the close of the instructions, stated:

"If the defendant did not give notice of this assessment to the plaintiffs, then, of course, the policy could not be suspended or canceled, or anything else until that notice was given, and that is the basis for your determination in the case. As I have said, the sole question for your determination from which you can make your verdict is, was that notice of the 1937 assessment given to the plaintiffs in the case; if you find it was given, and given as testified to by the defendants in the case, then, of course, your verdict will be no cause of action; if you find it was not given as claimed by the plaintiffs in this case, then your verdict shall be for the plaintiffs in the sum of $6,327.15."

This instruction, however, did not cure the error mentioned for, even if considered correct, it cannot be said that the jury followed the same and rejected the erroneous instructions.

For the error pointed out the judgment is reversed and a new trial granted, with costs to defendant.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.