CUTTLE v. CONCORDIA MUTUAL FIRE INS. CO.

1. INSURANCE—FARMERS MUTUAL FIRE POLICIES—NOTICE OF ASSESSMENT—MAILING—QUESTION FOR JURY.

In action to recover for fire loss under a farm mutual fire insurance policy containing provision that proof of mailing of notice of assessment should be conclusive evidence of its receipt, a question of fact was presented to jury as to whether or not such notice had been mailed by testimony of defendant's local agent and a disinterested person that it had been mailed and by plaintiffs' testimony of lax business practice on the part of such agent as to previous years corroborated by written evidence to another member and by testimony of defendant's secretary that he had received complaints about such agent's negligence.

2. EVIDENCE—CONTRADICTIONS—IMPROBABILITIES.

If testimony, though not directly contradicted, is contrary to circumstances in evidence, or if it contains inherent improbabilities or contradictions which alone or in connection with

other circumstances in evidence may excite suspicion as to the truth of the testimony, it may be disregarded by the jury.

3. SAME—UNCONTRADICTED TESTIMONY—INFERENCES.

Uncontradicted testimony may be disentitled to conclusiveness because, from lapse of time or other circumstances, it may be inferred that the memory of the witness is imperfect as to the facts to which he testified, or that he recollects what he professes to have forgotten.

4. SAME—UNCONTRADICTED TESTIMONY—MISTAKE—MENDACITY.

A jury need not accept as absolute verity every uncontradicted statement a witness may make, since witnesses sometimes are mistaken and sometimes are willfully mendacious.

5. SAME—CIRCUMSTANTIAL—DIRECT—COMPETENCY.

Circumstantial evidence in support of or against a proposition is equally competent with direct.

6. INSURANCE—NOTICES OF ASSESSMENT—MAILING—EVIDENCE—INFERENCES.

In action for fire loss under farm mutual fire insurance policy in which issue of whether or not defendant had mailed notice of assessment was raised, letter from defendant's secretary to someone not a party in the case was relevant and properly admitted in evidence where inferences could be drawn from it unfavorable to claim of defendant's agent that such notices were promptly and properly mailed in the course of business.

SHARPE and WIEST, JJ., dissenting.

Appeal from Arenac; Shaffer (John C.), J. Submitted October 22, 1940. (Docket No. 31, Calendar No. 41,173.) Decided December 10, 1940. Rehearing denied February 7, 1941.

Assumpsit by Charles Cuttle and wife against Concordia Mutual Fire Insurance Company on a fire insurance policy. Verdict and judgment for plaintiffs. Defendant appeals. Affirmed.

*Harry E. Converse* (*Leibrand & Leibrand,* of counsel), for plaintiffs.

*Hand & Hand,* for defendant.

McAllister, J. In June, 1933, plaintiffs insured their farm property with defendant, Concordia Mutual Fire Insurance Company. On May 4, 1938, plaintiffs suffered a fire loss and made a claim under their policy which defendant refused to pay, claiming that it was relieved of liability because of plaintiffs' default in the payment of an assessment, in accordance with defendant's bylaws which were made a part of the insurance agreement and which, so far as here pertinent, provide:

"Notice of such assessment shall be sent by mail to each member to the last-known post-office address as shown by the records of the company, including with the notice, unless previously supplied to the member, a statement of the financial condition of the company at the close of the preceding year, the name and location of the losers, and the amount of the loss, requesting payment of the assessment within 30 days. *Proof of mailing of such notice shall be conclusive evidence of its receipt.*"

It is the claim of plaintiffs that no notice of the assessment in question was ever sent to them. The issue was whether the notice of defendant's assessment, levied August 16, 1937, was ever mailed. It is contended by defendant that the evidence in the case proves the mailing of the notice of the assessment to plaintiffs and that, according to the bylaws of the company, proof of mailing of such notice is conclusive evidence of its receipt. Plaintiffs agreed that, if it be proved that the notice was mailed to them, they are bound by the presumption that they received it, but they maintain that the question of whether the notice was mailed was one of fact. The trial court submitted the case to the jury. There was a verdict for plaintiffs, from which defendant appeals.

When this case was before the court on a previous occasion, *Cuttle* v. *Concordia Mutual Fire Ins. Co.,*

290 Mich. 117, it was reversed, among other reasons, for error on the part of the trial court in instructing the jury that the important question for determination was whether plaintiffs received the notice of assessment; and it was said in the opinion of this court (p. 121):

"The issue was whether the notice was mailed. If it was duly mailed, such fact, under the bylaws, was conclusive evidence of its receipt, and *nonreceipt could only be considered upon the issue of the mailing* and the instruction should have so made limitation."

In this case, Henry J. Nehls, an agent of the company, testified that he mailed the notice in a sealed envelope properly addressed to plaintiffs. In support of his testimony, defendant company introduced the testimony of Silas Troxall. This witness testified that on November 8, 1937, he saw Mr. Nehls go into the post office at Standish, Michigan; that he followed him and had a conversation with him regarding the repair of a certain road. Nehls was a township supervisor. Troxall stated that during the conversation he saw Nehls put a stamp on a letter; that he saw that the letter was addressed to Charles and Edith Cuttle; that he stood behind Nehls and looked over his shoulder, saw Nehls pull a fire insurance notice out of the envelope, and saw that the notice was addressed to Charles and Edith Cuttle; that he then saw Nehls put the notice back into the envelope, seal it, and place it in the letter box at the post office.

It appears from testimony on the part of the plaintiffs that the agent Nehls often notified plaintiffs of assessments several months late; that the receipts which he collected were delayed a considerable time in transmission to the defendant; that receipts were antedated by Nehls in order to show

collections, which he had delayed making, to have been paid at a prior time, which was not the case; that Nehls had attempted a collection for a 1935 assessment from plaintiffs and that it had been necessary to secure a previously executed receipt to show that it had, in fact, been paid. Plaintiffs also introduced in evidence a letter written by the secretary of the defendant company to a member of the company who complained of the manner in which the agent Nehls sent out notices. The letter stated:

"Dec. 7—36.

"JAMES M. GORSLINE.

"Dear Sir:

"I received your check amounting to $24.75 covering fire and windstorm insurance for 1936 and also your letter in which you explicate the action of our representative.

"The fact that our agent neglects to get the premium notice to our members in time will not effect [affect?] your policy or make it void; but you should receive the notice in time, and I have told Mr. Nehls already that we must attend to the insurance business promptly.

"I believe he means well, but he is too busy with other work to take care of the insurance business promptly and sometimes it happens that I overlooked a few members on my records when I wrote the assessment notice and for that reason a few notices are late. However, I will submit the matter to the board of directors and will try and correct this if possible.

"I hope that our member will overlook our weakness and laxity at times when we are failing.

"I remain

"Very truly yours,
"WM. C. MYER,
"Secretary."

Defendant's secretary also testified that he had received complaints from patrons of the company

that Nehls had been negligent in getting the notices to the members. We are of the opinion that the foregoing presented a question of fact for the determination of the jury as to whether the notice had, in fact, been mailed to plaintiffs. The jury was not bound to believe the positive testimony of Nehls that he had mailed the notice, even though it was not directly contradicted. See *Woodin* v. *Durfee,* 46 Mich. 424. Nehls was an interested party. Nor was the jury bound to believe the witness Troxall. Although it does not appear that the witness had any interest in the controversy, the jury could conclude that he was mistaken, or that his testimony was improbable, or even willfully contrary to the facts.

If testimony, though not directly contradicted, is contrary to circumstances in evidence, or if it contains inherent improbabilities or contradictions which alone or in connection with other circumstances in evidence may excite suspicion as to the truth of the testimony, it may be disregarded by the jury. Uncontradicted testimony may be disentitled to conclusiveness because, from lapse of time or other circumstances, it may be inferred that the memory of the witness is imperfect as to the facts to which he testified, or that he recollects what he professes to have forgotten. 10 R. C. L. p. 1006.

In *Yonkus* v. *McKay,* 186 Mich. 203, 210 (Ann. Cas. 1917E, 458), the court said:

"But even assuming that these facts material to the issue had been proven by plaintiff and her witnesses without direct contradiction by any witnesses for the defendant, we are of opinion that it still would not be error for the court to instruct the jury that they must find those facts proven by a fair preponderance of the evidence. To hold that in all cases when a witness swears to a certain fact the court must instruct the jury to accept that statement as proven, would be to establish a dangerous

rule. Witnesses sometimes are mistaken and some-times unfortunately are willfully mendacious. The administration of justice does not require the estab-lishment of a rule which compels the jury to accept as absolute verity every uncontradicted statement a witness may make.''

In *Ricketts* v. *Froehlich,* 218 Mich. 459, 461, it was said:

''Circumstantial evidence in support of or against a proposition is equally competent with direct. As against each other their relative convincing power is for the jury. The trial court apparently assumed that defendant's direct denial must be taken as true against all circumstantial evidence introduced.''

There was no error in the admission in evidence of the letter of defendant's secretary. The fact that it was written to one other than a party in this case does not render it irrelevant. Inferences could be drawn therefrom unfavorable to the claim of defend-ant as bearing upon the testimony of the agent Nehls that notices were promptly and properly mailed in the course of business. A question of fact was presented. The verdict was not against the great weight of the evidence.

Upon a review of the record, we find no error.

Judgment is affirmed, with costs to plaintiffs.

Bushnell, C. J., and Boyles, Chandler, North, and Butzel, JJ., concurred with McAllister, J.

Sharpe, J. (*dissenting*). I am not in accord with the opinion of Mr. Justice McAllister. The facts have been accurately stated.

In *Cuttle* v. *Concordia Mutual Fire Ins. Co.,* 290 Mich. 117, we said:

''The issue was whether the notice was mailed. If it was duly mailed, such fact, under the bylaw, was

conclusive evidence of its receipt, and nonreceipt could only be considered upon the issue of the mailing and the instruction should have so made limitation."

As I view it, the only question involved in this case is, Was the 1937 notice mailed? Upon this question there is positive and affirmative testimony as to the mailing. There is no testimony to contradict the testimony of Henry J. Nehls, the agent, and that of Silas Troxall as to the mailing of the notice.

In *Christiansen* v. *Hilber*, 282 Mich. 403, we said, quoting the following from *Christiansen* v. *Hilber, mercial Car Co.*, 219 Mich. 557:

" 'It would have been an idle ceremony, under the evidence, to have submitted the case to the jury, for the direct, positive and uncontradicted evidence presented an issue of law for the court and not an issue of fact for the jury.' "

In *Klat* v. *Chrysler Corp.*, 285 Mich. 241, we said, quoting the following from *Christiansen* v. *Hilber,* 282 Mich. 403:

" 'It is the general rule that "where unimpeached witnesses testify distinctly and positively to a fact, and are uncontradicted, their testimony should be credited, and have the effect of overcoming a mere presumption." *Elwood* v. *Western Union Telegraph Co.*, 45 N. Y. 549 (6 Am. Rep. 140) ; *Barr* v. *Guelph Patent Cask Co.*, 129 Mich. 278.

" ' "When all the evidence upon the point, on both sides, tends clearly to prove, and, if true, does prove a fact, and there is none to cast a doubt upon it, such fact may, and generally should be, *assumed as proved;* and the jury should be told that there is no evidence from which they can find against the fact as proved." *Druse* v. *Wheeler,* 26 Mich. 189, 195.' "

In the case at bar, the testimony introduced by defendant on the issue in question was not contradicted, nor was it inherently improbable. Under

such circumstances, it was the duty of the court to instruct the jury that there was no evidence from which it could find against the proven fact.

The judgment should be reversed without a new trial. Costs to defendant.

Wiest, J., concurred with Sharpe, J.