Pearl Pappas, Administratrix of Estate of Louis Pappas, Deceased, Appellee, v. The Peoples Gas Light and Coke Company, Appellant.

Gen. No. 45,894.

Opinion filed June 18, 1953. Rehearing denied July 10, 1953. Released for publication July 10, 1953.

DAILY, DINES, ROSS & O'KEEFE, of Chicago, for appellant; FRANCIS L. DAILY, and GEORGE J. O'GRADY, both of Chicago, of counsel.

PERLMAN, GOODMAN, HECHT & CHESLER, of Chicago, for appellee; THEODORE E. REIN, GEORGE C. RABENS, and ERNEST A. BRAUN, all of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

Plaintiff brings this action to recover damages for the death of Louis Pappas, her husband, alleged to have been caused by the negligence of defendant. Upon a trial with a jury a verdict for $10,000 was returned. Defendant's motions for judgment notwithstanding the verdict or a new trial were denied and judgment entered upon the verdict. Defendant appeals.

The evidence discloses that on Sunday, March 2, 1947, at about the hour of 12:15 p. m., deceased was in the restaurant conducted by him in a three-story brick building, located at the southwest corner of Wells and Van Buren Streets. An explosion then occurred, which demolished the entire building. The restaurant was

in the portion of the building farthest west from the corner. The deceased was killed in the explosion.

The charges of negligence in the complaint in substance are: that defendant failed to exercise reasonable care in the installation and maintenance of its pipes and equipment used for the purpose of conveying and distributing illuminating gas to the premises in question occupied by deceased; that it permitted the escape or leakage of illuminating gas, which proximately caused the explosion; that it permitted illuminating gas to escape, to seep into and accumulate in and about the said building; that such escape or accumulation of the illuminating gas proximately caused the explosion; that it failed in its duty to exercise reasonable care to inspect its pipes and equipment in question, to determine whether the same were in a reasonably safe condition, and to detect the leakage or accumulation of illuminating gas in and about the premises in question; and that the breach of its duty resulted in the explosion.

There were no eyewitnesses to the cause of the explosion. The proof of negligence rests largely on expert testimony relating to the condition of the service pipes, furnishing illuminating gas to the store conducted by deceased, which were found at the premises after the explosion; on evidence of previous complaints made to the defendant about the appearance of the odor of gas about the building in question, indicating leakage; and upon such inferences as could reasonably be drawn from the facts and circumstances in evidence.

Many errors are assigned by defendant for a reversal of the judgment, but in the view we take of this record, it will not be necessary to discuss all of them.

 We cannot agree with defendant that there is no evidence of negligence. We think the evidence, with

all its reasonable inferences, presented an issue of fact for the jury.

In *Janovicz v. Schiesher* [350 Ill. App. 499], Docket No. 45946, opinion filed in the April term, we said:

"It is important in a case like this, where there are no eyewitnesses to the accident and proof of negligence rests upon circumstances and inferences, that the jury be properly instructed and not misled or confused by the court's instructions."

Instruction No. 1, given for plaintiff, is virtually a *verbatim* statement of the charges in plaintiff's complaint. It contains approximately 1,200 words. It covers four pages of the abstract and concludes with the statement that defendant, in its answer, denies that the explosion was due to or caused by the escape of gas; denies that it committed any of the acts of negligence with which it is charged; denies that the alleged escape of gas was due to or caused by its alleged negligence; that defendant denies that it had any knowledge of the alleged escape of gas, and denies that said deceased, Louis Pappas, was in the exercise of due care or caution for his own safety. The concluding sentence of the instruction is: "These are the issues which you are to determine from the evidence and under the instructions of the Court."

This court (Second Division), pointed to many definite warnings in other cases concerning the propriety of this type of instruction and reversed the judgment for plaintiff for the giving of such an instruction in *Signa v. Alluri* [351 Ill. App. 11], Docket No. 45818, opinion filed at the April term of court. The difference between the instruction in the case cited and the instant instruction is that the latter is not a peremptory instruction; otherwise the entire criticism in

the case cited could well be directed to the instant instruction. There need be only a simple, concise statement of the issues raised by the complaint and answer, without the characterizations, repetitious, and argumentative recitals usually found in a complaint, and, in some instances, allegations containing evidentiary facts.

The instant instruction, which sets forth the charges of negligence in the language of the complaint, contains erroneous statements of law governing the liability of defendant. The third and fourth paragraphs of the instruction read as follows:

"The complaint further alleges that on or about March 2, 1947, and for several years prior thereto, said deceased, Louis Pappas, was a tenant of the store premises known as 209 West Van Buren Street, Chicago, Illinois, in the building known as 201–211 West Van Buren Street, Chicago, Illinois.

"The complaint further alleges that during all times mentioned in the complaint it was the duty of the defendant, The Peoples Gas Light and Coke Company, to use reasonable care commensurate with the dangers involved, to install and maintain its pipes, mains, tubes, connections and fixtures used for the purpose of conveyance and distribution of its illuminating gas in such condition that said gas would not escape therefrom, and to maintain such a system of inspection as will insure reasonable promptness in the detection of leaks that may occur from the deterioration of the material of said pipes, mains, tubes, connections and fixtures, or from any other cause within the circumspection of men of ordinary skill in said business, and to provide and maintain its service and equipment in such manner as shall promote the safety and health of its patrons and the public, and as shall be in all respects adequate and efficient . . . ."

██ The law does not impose upon defendant the duty alleged in the complaint. We know of no rule that requires the defendant "at all times," mentioned in the complaint, to maintain such a system of inspection as will insure reasonable promptness in the detection of leaks. It is correct to charge that defendant was required to use reasonable care, but it must be limited to reasonable times and not "at all times," which would cover the period about March 2, 1947, and for several years prior thereto. The jury might well be led to infer that such inspection must occur either hourly, daily, weekly, monthly or yearly. Had the instruction told the jury that at all reasonable times it was the duty of the defendant to use reasonable care, it would not be subject to the objection noted, and what would be reasonable times for inspection would depend upon the facts and circumstances. The duty of the defendant, above referred to, was likewise required to be exercised "at all times" in plaintiff's instruction No. 10.

██ Again, the language of the instruction, "to maintain such a system of inspection as will *insure* reasonable promptness in the detection of leaks," is clearly misleading, since it suggests that defendant is an insurer in that respect, which is not an obligation imposed by law. *Peoples Gas Light and Coke Co. v. Porter,* 102 Ill. App. 461; *Lindstrum v. Illinois Northern Utilities Co.,* 214 Ill. App. 560, and cases there cited. It is reversible error to give an instruction imposing a duty upon defendant greater than that required by law. *Mitchell v. Central Illinois Public Service Co.,* 231 Ill. App. 405. It was there held that though the instruction was not a peremptory instruction, it did not obviate the objection lodged against it. *O'Hara v. Central Illinois Light Co.,* 319 Ill. App. 336, 345.

547

 Instruction No. 10, referred to, likewise suggests an absolute duty. It told the jury that it was the duty of the defendant to exercise such care and diligence so as to guard against and "avoid" an escape of its gas. An instruction fastening such an absolute duty instead of reasonable care and diligence was held reversible by this court in *Herndobler v. Goodwin*, 310 Ill. App. 267, also in *Bernier v. Illinois Central R. Co.*, 213 Ill. App. 530, 537.

 The instant instruction, which contains the further language, "that may occur from the deterioration of the material of said pipes, mains, tubes, connections and fixtures, or from any other cause within the circumspection of men of ordinary skill in said business," is further objectionable because it is not limited to deterioration "if any." It therefore assumes the existence of a condition which was sharply in dispute. While such language may well be incorporated in a complaint, when given in an instruction it is bound to mislead the jury into assuming the condition of deterioration existed. This assumption of existence of deterioration, without limiting it to "if any," was again repeated in plaintiff's instruction No. 11.

 Finally, the language in this instruction, "or from any other cause within the circumspection of men of ordinary skill in said business," was bound to lead the jury to believe that if the leaks occurred, not only from deterioration but from any other cause, without limiting it to the negligence of the defendant, if any, charged in the complaint, defendant would be liable. Obviously, this statement in the instruction is contrary to all settled rules of liability governing this action.

 The harm of these instructions is accentuated by the peremptory instruction No. 16, given for plaintiff, which told the jury that they could find the de-

fendant guilty if, from a preponderance of the evidence, they found that the defendant was guilty of any one of the acts of negligence, as above set forth and as alleged in the complaint, and that such negligence, if any, was the proximate cause of the death.

To meet the objection that instruction No. 1 suggests that defendant is an insurer, plaintiff argues that instruction No. 37 for defendant told the jury that defendant is not an insurer of the safety of its mains and pipes. The employment of the word "insure" in instruction No. 1 had reference to the system of inspection and not the safety of the mains and pipes and therefore instruction No. 37 does not cure the objection made.

Furthermore, what was said in *Bald v. Nuernberger*, 267 Ill. 616, 620, is applicable:

"This court has frequently held that instructions may supplement each other, but each one must state the law correctly as far as it goes, and they should be in harmony, so that the jury will not be misled. The jury are not able to select from contradictory instructions one which correctly states the law. (*Illinois Iron and Metal Co. v. Weber,* 196 Ill. 526; *Ratner v. Chicago City Railway Co.,* 233 id. 169; *People v. Lee,* 248 id. 64; *People v. Novick,* 265 id. 436.) This instruction stated the law incorrectly, and even though there may have been correct instructions it is impossible to tell which ones the jury followed."

Defendant complains that the court, over objection, allowed plaintiff's witness Pidgeon to testify as an expert without sufficient foundation having been laid to qualify him as such. We think there was sufficient foundation laid, to permit him to testify as an expert. His credibility as an expert was for the jury to pass upon. Likewise, there is no merit in defendant's objection to the court's refusal to allow the offer of

evidence in surrebuttal. The offered testimony was sufficiently covered in the main case of the defense. It rested in the sound discretion of the court, and we find no error in its ruling.

For the errors in the giving of the instructions referred to, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Lewe, P. J. and Kiley, J., concur.