380 P.2d 1013

Joe N. IERONIMO, Appellant,

v.

Will F. HAGERMAN, Appellee.

No. 6854.

Supreme Court of Arizona.

En Banc.

April 17, 1963.

**358**

McKesson, Renaud & Cook, Phoenix, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, Phoenix, for appellee.

· STRUCKMEYER, Justice.

This action arises out of a collision between two automobiles, one driven by Ieronimo, plaintiff in the lower court, and the other driven by Hagerman at the intersection of West Indian School Road and Seventh Avenue, public highways in the City of Phoenix. From a verdict and judgment thereon in favor of Hagerman, Ieronimo has appealed.

At the time of the collision defendant, Hagerman, was proceeding east along Indian School Road and Ieronimo was proceeding in the opposite direction when Hagerman's vehicle, while turning north on Seventh Avenue, was struck by the Ieronimo vehicle at the right rear fender.

Ieronimo questions the correctness of the court's instruction (defendant's requested Instruction No. 6), in the light of the statute, A.R.S. § 28–772 providing:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but such driver, having so yielded and having given a signal when and as required by this chapter, may make the left turn and the drivers of all other vehicles approaching the intersection from the opposite direction shall yield the right of way to the vehicle making the left turn."

The court instructed:

"* * * if you find from the evidence that the defendant, Will F. Hagerman, was in the intersection of North Seventh Avenue where it inter-

sects with West Indian School Road and had started to make a left hand turn when the plaintiff, Joe N. Ieronimo, was not within the intersection nor so close thereto as to constitute an immediate hazard, then the defendant, Will F. Hagerman, would have the right of way and the plaintiff, Joe N. Ieronimo, should have yielded the right of way to the defendant."

Appellant argues that the quoted statute makes it the duty of a motorist intending a left turn to: (1) Yield the right of way [by stopping] and, (2) Give a signal of intention to make a left turn. He further argues that the instruction implies that if a motorist decides the oncoming traffic is not an immediate hazard he may dispense with these requirements of the statute. Clearly, the instruction standing alone has that effect. However, instructions must be considered as a whole and be read in conjunction with all instructions given. Musgrave v. Githens, 80 Ariz. 188, 294 P.2d 674.

The trial court instructed at plaintiff's request:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required * * * may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right of way to the vehicle making the left turn."

It concluded the foregoing instruction with the charge that if the defendant operated his vehicle at the time of the accident "in violation of any one of these duties of law, then I charge you that such acts or omissions constitute negligence." It is our conclusion that the plaintiff's requested instruction complemented and supplemented the defendant's requested instruction and comes within the rule of Musgrave v. Githens, supra.

The court further instructed (defendant's requested Instruction No. 8):

"A motorist making a left turn is entitled to assume that the operator of an oncoming automobile will obey the statute requiring the operator of the oncoming automobile to appropriately reduce his speed when approaching and crossing an intersection."

In effect, this instruction told the jury that the law requires the operator of an automobile to appropriately reduce his speed when approaching and crossing an intersection. Such an instruction was expressly held to be reversible error when applied to traffic controlled highways. Wolfe v. Ornelas, 84 Ariz. 115, 324 P.2d 999. There we said it is susceptible of the interpretation that *under all conditions* one traveling on a favored highway at a lawful rate of speed is required by statute to approach an intersection at an appropriately reduced rate of speed and if he does not, as a matter of law, he is negligent. This, of course is not the law.

■ It is the law of the state by A.R.S. § 28–701, subd. A that a person must drive a vehicle on a highway at a speed not greater than is reasonable and prudent having regard for the actual and potential hazards then existing. We said that subsection E of the same statute requiring the driver to appropriately reduce speed when approaching and crossing an intersection was to be read in conjunction with subsection A and that where an automobile was being operated at a lawful rate of speed having regard for the actual and potential hazards then and there existing, a reduction in speed was neither appropriate nor necessary. The instruction as given by the court was misleading, prejudicial and erroneous.

■ Appellee argues that since instructions must be construed as a whole and a correct instruction was given concerning the same subject matter, there was no prejudicial error. An unequivocal erroneous instruction is not cured by the mere giving of a correct instruction since under such circumstances it is impossible to tell which charge the jury followed. Francis v. City and County of San Francisco, 44 Cal.2d 335, 282 P.2d 496; Clarke v. Hubbell, 249 Iowa, 306, 86 N.W.2d 905; Pappas v. Peoples Gas Light & Coke Co., 350 Ill.App. 541, 113 .N.E.2d. 585; Cuttle v. Concordia Mut. Fire Ins. Co., 290 Mich. 117, 287 N.W. 401.

Appellee also argues that appellant's objection in the trial court to the giving of the foregoing instruction did not point out the ground now raised here. We think it sufficient to say that a fair construction of the colloquy between counsel on arguing the merits of the instruction apprised the court of appellant's present position.

■ We do not find any merit in appellant's third assignment of error. It is urged that the court erred as to the admission of evidence concerning accidents occurring subsequent to the collision in which these parties were involved for the reason

that there was no showing of any injury received as to the result of such accidents which could have affected in any way the physical condition of the plaintiff. We think the evidence of subsequent accidents was properly admitted. The record establishes that Ieronimo testified on his deposition that he suffered certain injuries but did not include the injury to the wrist of which he now complains. At the trial he testified his wrist had been injured and that he had not told the truth on his deposition. The plaintiff's own doctor testified that so far as x-ray evidence was concerned injury to the wrist could have occurred five or six months after the collision involved in this suit. He also testified that in his professional experience he had never before encountered a wrist fracture which occurred in the manner in which plaintiff claimed this one occurred. We think this evidence clearly opens the door to the suggestion that Ieronimo suffered the injury in some other way, possibly another accident.

For the reason that defendant's requested instruction No. 8 was not cured by the giving of a correct instruction, the judgment of the court below is ordered reversed.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concurring.