MOSLEY *v.* DATI.

DAMAGES—INADEQUACY OF VERDICT—SPECIAL DAMAGES—PAIN AND SUFFERING—GREAT WEIGHT OF EVIDENCE—INSTRUCTIONS.
  Jury's failure to allow any damages for pain and suffering *held*, against the great weight of the evidence, necessitating setting aside verdict as inadequate, where record shows it allowed medical expenses including cost of diathermy treatments and hypodermic injections given to relieve pain, and there was medical testimony that previously-existing scoliosis and arthritis may have been aggravated, plaintiff testified as to his various pains, dizziness, headaches, and shortness of breath from the date of injury to the date of the trial, and judge gave explicit instructions relative thereto.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted April 5, 1961. (Docket No. 11, Calendar No. 48,352.) Decided September 21, 1961.

Case by Ledell Mosley against Vidio Dati and Florence M. Dati for personal injuries sustained in

REFERENCES FOR POINTS IN HEADNOTES
15 Am Jur, Damages § 231 *et seq.*

automobile collision. Verdict and judgment for plaintiff. Claiming inadequacy of verdict, plaintiff appeals. Reversed and remanded for new trial.

*Roy De Gesero,* for plaintiff.

*Smith, Brooker & Harvey,* for defendants.

SOURIS, J. Plaintiff appeals from a judgment based upon a jury verdict in the precise amount of his medical expenses incurred as a result of injuries suffered when the car in which he was sitting was struck from the rear by defendants' car. He charges that the verdict was grossly inadequate because it did not award him damages for his pain and suffering and for loss of earnings.

In *Fordon* v. *Bender,* 363 Mich 124, 126, decided last April, we reversed a judgment for inadequacy of a jury verdict in a personal injury case because the great weight of the evidence compelled an award of damages for pain and suffering and because failure to award such damages by returning a verdict equal only to plaintiff's special damages manifested disregard by the jury of proper instructions given by the court.

We are compelled to reach the same result in the case at bar and for the same reasons. There was evidence from plaintiff that he suffered pain immediately after the impact at the scene of the injury and a policeman testified that, indeed, plaintiff then complained of pain. Plaintiff also testified of his various pains, dizziness, headaches and shortness of breath from the date of injury to the date of trial. His doctor confirmed his continuing complaints of pain and testified that pre-existing scoliosis and arthritis could have been aggravated, with resulting pain, by the injury to plaintiff. Defendants' doctor testified that he found tenderness in

plaintiff's dorsal spine, where the scoliosis and arthritis were located, upon percussion and backward bending. We are convinced by a review of the testimony on this point that the great weight of the evidence preponderates in favor of a finding that plaintiff did, in fact, endure pain and suffering as a result of the injuries caused by defendants' negligence.

As a matter of fact, the jury must have so found, for included in the plaintiff's medical expenses were the cost of diathermy treatments and hypodermic injections given him to relieve pain. By its verdict the jury found such treatments and injections to be reasonable in cost and necessary to the treatment of plaintiff's injuries. Having found there was pain and suffering and having awarded damages to compensate plaintiff for the medical cost of relieving such pain, the jury could fail to award plaintiff damages for the pain already endured only by arbitrary, capricious disregard of the trial judge's explicit instructions to the jury. The verdict must, therefore, be set aside.

In view of the foregoing conclusion, other questions raised in this appeal, not likely to recur on retrial, are not discussed.

Reversed and remanded for new trial. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.