Corrigan, C.J.
We granted leave in this premises liability case to determine whether the trial court erroneously granted a new trial on damages following the original jury verdict. The original jury found defendant negligent, but awarded only plaintiffs medical expenses without rendering any award for pain and suffering. The trial court, in response to a specific inquiry from the first jury during deliberations, and with the agreement of both parties, had earlier instructed that the jury had no duty to award any damages, even, if it found defendant negligent. In response to plaintiffs motion for new trial, the trial court thereafter ordered a partial retrial on damages only to determine an appropriate award for pain and *31 suffering. On retrial, the jury awarded plaintiff $150,000 in noneconomic damages. The Court of Appeals affirmed in an unpublished, two-to-one decision.[1] We reverse and remand to the trial court for entry of judgment on the original verdict because the trial judge had no legal basis to set it aside.
I. UNDERLYING FACTS AND PROCEDURAL HISTORY
On May 17, 1991, plaintiff Norma Kelly and her husband patronized defendant’s store in Ypsilanti. As plaintiff walked down an aisle containing a stack of large boxes of electric fans, some boxes fell. At least one box struck plaintiff’s head and right shoulder. Neither plaintiff nor her husband knew how or why the boxes had fallen.
Plaintiff reported pain in her right shoulder. She was transported by ambulance to a local hospital. Examination there reflected that plaintiff had full range of motion in her right shoulder. An x-ray of plaintiff’s shoulder also revealed no abnormality. Plaintiff was released from the hospital the same day. She later followed up with her family physician who prescribed physical therapy.
It was not until thirty months following the accident that plaintiff first began treating with Dr. Ralph Blasier, an orthopedic surgeon. After examining plaintiff and reviewing an MRI, Dr. Blasier diagnosed a tear in the rotator cuff muscle of plaintiff’s right shoulder and muscle impingement. Dr. Blasier surgically removed part of the bone to relieve the impingement. However, he saw no evidence of a rotator cuff tear *32 during surgery. He testified that “common sense” suggested that the incident at defendant’s store had caused plaintiff’s injury.
Plaintiff testified that the operation alleviated her pain only “a little bit.” She claimed that her injury still prevented her from various activities such as driving, swimming, shopping, and crocheting.
Dr. Paul Kelly, another orthopedic surgeon, examined plaintiff for the defense. He saw no reason to restrict any of plaintiff’s activities. He opined that it would be quite unusual for a blow to the top of the shoulder to cause a rotator cuff injury or impingement. He stated: “I’ve never seen a mechanism injury to the rotator cuff as a direct result of a blow to the top of the shoulder.”
After retiring to deliberate, the jury forwarded questions: “Can we agree on negligence and offer no money? What is the minimum monetary amount ... if there is negligence?” Plaintiff and defense counsel thereafter specifically agreed to an instruction that the jury could find negligence but not award damages and that the jury need not award any amount of damages. The court then furnished a written instruction to the jury consistent with the parties’ agreement.[2]
The jury thereafter returned a verdict finding defendant negligent. The jury awarded plaintiff medical expenses totaling $10,227, but awarded nothing for noneconomic damages. Plaintiff then moved for a new trial on damages only. Relying on Fordon v *33 Bender, 363 Mich 124; 108 NW2d 896 (1961), and Mosley v Dati, 363 Mich 690; 110 NW2d 637 (1961), she asserted that wherever a jury finds negligence and awards medical expenses, it must also award damages for pain and suffering. In its reply, the defense countered that a jury is not required to award damages for pain and suffering.
The trial court granted a new trial on damages only. The court did not mention the parties’ stipulated instruction in its ruling:
I did follow this case. I did have the opportunity to personally observe the credibility and the demeanor of the complaining witnesses in this case. And there was extensive testimony about the damages that occurred as the result of the alleged negligence of the defendants.
* * *
Once having established that there was negligence and establishing proximate cause and accepting the validity— and we had a special verdict form as to what that $10,227 constituted, i.e., the medical expenses including surgery for the treatment of this woman, it is absolutely incongruous, it is absolutely inconsistent to then, based on that evidence, conclude there was no pain and suffering, there was no disability, there was no other “non-economic damages” that they were instructed on in the past, the present or the future.
Following retrial, a second jury awarded plaintiff $150,000 for “physical pain and suffering, mental anguish, denial of social pleasure and enjoyments and embarrassment” in the past, present, and future.
In a two-to-one decision, the Court of Appeals affirmed the trial court’s decision to grant a new trial. The dissenting judge opined:
*34 There is no legal requirement that a jury award damages simply because liability was found. Joerger v Gordon Food Service, Inc, 224 Mich App 167, 173; 568 NW2d 365 (1997). Indeed, the plaintiff bears the burden of proving damages, and a jury is free to accept or reject such proofs. Id. at 172-173. The original jury in this case had the best opportunity to understand all the issues and evidence involved, and its refusal to award noneconomic damages should have been respected. I would affirm the original jury verdict. The granting of a new trial on the issue of damages was wholly gratuitous. If in fact a new trial was warranted, the entire case should have been submitted to the jury. [Slip op, p 1.]
This Court granted leave to appeal “limited to whether the trial court erred in ordering a second trial on the issue of damages.” 462 Mich 861 (2000).
n. STANDARD OF REVIEW
On appeal, we review a trial court’s decision whether to grant a new trial for an abuse of discretion. Bean v Directions Unlimited, Inc, 462 Mich 24, 34; 609 NW2d 567 (2000); Brown v Arnold, 303 Mich 616, 627; 6 NW2d 914 (1942). We review de novo any questions of law that arise. Cardinal Mooney High Sch v Michigan High Sch Athletic Ass’n, 437 Mich 75, 80; 467 NW2d 21 (1991).
1H. ANALYSIS
A. THE JURY’S PREROGATIVE TO ASSESS PAIN AND SUFFERING
This Court has long recognized that the authority to measure damages for pain and suffering inheres in the jury’s role as trier of fact. See, e.g., Griggs v Saginaw & F R Co, 196 Mich 258; 162 NW 960 (1917); Michaels v Smith, 240 Mich 671; 216 NW 413 (1927).
*35 In Brown, supra, a jury awarded only the amount of the medical expenses to a severely injured plaintiff.[3] The plaintiff sought a new trial on the ground that the verdict was grossly inadequate and against the great weight of the evidence. This Court affirmed the denial of a new trial:
“The adequacy of amount of a verdict is also generally a matter for the jury. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice, or sympathy. Michaels v Smith, 240 Mich 671 [216 NW 413 (1927)]. No such showing has been made, nor is the verdict so inadequate as to shock the judicial conscience. Watrous v Conor, 266 Mich 397 [254 NW 143 (1934)].” Campbell v Brown, 276 Mich 449, 454 [267 NW 877 (1936)].
In Sebring v Mawby, 251 Mich 628 [232 NW 194 (1930)] this court said: “The law furnishes no exact rule by which damages for pain and suffering can be measured. Their determination must necessarily be left to the good sense and sound judgment of the jury in their view of the evidence. It has frequently been said by courts and text-writers that the award of the jury will not be disturbed unless it is so great as to shock the judicial conscience or unless it was induced by something outside of the evidence, such as passion or prejudice. There is no claim of any such influence in this case. In view of the evidence, we cannot say that the verdict was excessive.”
In Cleven v Griffin, 298 Mich 139 [141; 298 NW 482 (1941)], we also said: “No complaint is made by appellants that the jury was not properly instructed as to the element of damages. No claim is made that the verdict was obtained by improper methods, prejudice or sympathy. There is no absolute standard by which we can measure the amount of damages in personal injury cases. The amount allowed for pain and suffering must rest in the sound judgment of the *36 triers of the facts. Watrous v Conor, 266 Mich 397 [254 NW 143 (1934)]; Weil v Longyear, 263 Mich 22 [248 NW 536 (1933)]. Courts are reluctant to disturb verdicts of juries for personal injuries on the ground that the amount is excessive. Cawood v Earl Paige & Co, 239 Mich 485 [214 NW 402 (1927)]. We do not usually substitute our judgment for that of the jury unless the verdict shocks the conscience or has been secured by improper means, prejudice or sympathy. Watrous v Conor, supra, Michaels v Smith, 240 Mich 671 [216 NW 413 (1927)]. The verdict was within the range of the testimony and not excessive.
See, also, Nezworski v Mazanec, 301 Mich 43 [2 NW2d 912 (1942)].
We cannot substitute our opinion for that of the jury as to the proper amount of damages to allow plaintiff for pain and suffering. [Brown at 627-629.]
In a trio of cases decided between 1958 and 1961, Weller v Mancha, 353 Mich 189; 91 NW2d 352 (1958), Fordon, supra, and Mosley, supra, this Court ordered new trials where a jury had failed to award damages for pain and suffering. This Court did not acknowledge the Brown case in any of those opinions.
In Weller, the plaintiff sued for automobile negligence and obtained a jury verdict “in the exact amount of the out-of-pocket expenses for medical, hospital and funeral bills and damage to the automobile, [but] nothing was allowed for pain and suffering and nothing for loss of support.” Id. at 195 (citations omitted). This Court ordered a new trial:
The jury verdict was for the exact amount of the stipulated special damages of the deceased. It is apparent that no consideration was given by the jury to the additional elements of the pain and suffering of the deceased and the future damages of the widow and minor child, and, therefore, the damages awarded to plaintiff were overwhelmingly *37 against the evidence, and, under the evidence, grossly inadequate. [Id. at 195-196.]
In Fordon, the defendants admitted liability for damages resulting from an automobile accident. The issue of damages was tried before a jury, leading to an award for the medical expenses and damage to the vehicle, but not for pain and suffering. This Court reversed and remanded for a new trial, relying in part on Weller.
In allowing plaintiff to recover for his special damages, the jury must necessarily have found that he suffered injuries proximately caused by defendant’s negligence. The court properly instructed the juiy with respect to its duty to award such special damages in the event it found that defendants proximately caused plaintiff’s injuries. The court also properly charged that in that event plaintiff should be awarded, in addition, an “amount that will compensate him as far as money can compensate him for the pain and suffering that he has endured.” There was much disputed testimony relating to plaintiff’s medical history and physical condition both prior and subsequent to the collision here involved. Defendants sought to prove that plaintiff’s iiyuries had been caused by other events, principally athletic and body conditioning activities in which he engaged rather extensively, and, of course, plaintiff sought to prove his claim that the injuries were caused by defendants. The jury resolved the dispute in plaintiff’s favor by its verdict, which included damages for plaintiff’s medical expenses. The jury’s verdict, however, manifests a disregard of the court’s quoted instruction by its failure to award damages for pain and suffering. Once the jury resolved the causation dispute, the great weight of the evidence compelled it to award plaintiff damages for the pain and suffering which naturally followed such injuries found by the jury to have been proximately caused by defendants. [Fordon at 125-126.]
*38 In Mosley, this Court again ordered a new trial after the jury awarded the precise amount of medical expenses resulting from automobile negligence. This Court reviewed the evidence of pain and suffering and, relying on Fordon, concluded that “the great weight of the evidence preponderates in favor of a finding that plaintiff did, in fact, endure pain and suffering as a result of the iryuries caused by defendants’ negligence.” Mosley at 692.
Weller, Fordon, and Mosley did not create a legal rule mandating pain and suffering damages whenever a jury finds negligence and awards medical expenses. Rather, those decisions analyzed the great weight of the evidence on the facts presented. Subsequent cases have emphasized the deference traditionally accorded to a jury’s assessment of damages in accordance with the principles discussed in Brown, supra. See, e.g., A’eno v Lowry, 367 Mich 657; 116 NW2d 730 (1962); Moore v Spangler, 401 Mich 360; 258 NW2d 34 (1977).
B. CODIFICATION OF BASES FOB GRANTING A NEW TRIAL
The grounds for granting a new trial, including a verdict contrary to the great weight of the evidence, are now codified at MCR 2.611(A)(1). The court rule provides the only bases upon which a jury verdict may be set aside. Thus, Weller, Fordon, and Mosley are no longer relevant. A jury’s award of medical expenses that does not include damages for pain and suffering does not entitle a plaintiff to a new trial unless the movant proves one of the grounds articulated in the court rule.
*39 Plaintiff has not shown why she was entitled to a new trial under the court rule. She instead relies on Fordon and Mosley.
Similarly, the trial court did not cite any basis in the court rule for setting aside the original jury verdict. It merely stated that the failure to award pain and suffering damages was “inconsistent” and “incongruous.” MCR 2.611(A)(1) does not identify inconsisr tency or incongruity as a ground for granting a new trial. The court abused its discretion by granting a new trial without finding a basis in the court rule.
We reject, in any event, the principle that a jury behaves inconsistently when it awards medical expenses, but nothing for pain and suffering. Plaintiff had the burden to prove each element of her case, including every item of claimed damages. Medical expenses and pain and suffering are distinct categories of damages. Each category may have a distinct evidentiary basis. For example, a claimant’s own testimony about her subjective experiences is generally offered to prove pain and suffering. When a jury believes that a plaintiff has suffered an injury and incurred medical expenses, it may still assess separately any distinct proofs regarding pain and suffering.
In short, the jury is free to credit or discredit any testimony. It may evaluate the evidence on pain and suffering differently from the proof of other damages. No legal principle requires the jury to award one item of damages merely because it has awarded another item.
Instead of finding a basis in the court rule for granting a new trial, the trial court and Court of Appeals majority expressed views regarding the credi *40 bility of witnesses. Assessing credibility and weighing testimony is the prerogative of the trier of fact. The trial court therefore abused its discretion in granting a new trial.
IV. RESPONSE TO THE DISSENT
The dissent opines that the great weight of the evidence—a basis for setting aside a jury verdict under our current rule—justified the grant of a new trial in this case. But the trial court did not review the evidence under that standard;[4] thus, there is no exercise of discretion by the trial court under that standard for us to review.[5]
The dissent also states that our application of MCR 2.611(A)(1) “puts us out of step with the position embraced by virtually every other state.” Post at 42. We are not “out of step” with other states when we reinstate a jury verdict that the trial court lacked a legal basis to set aside. We have satisfied our duty to apply our court rule codifying the bases for granting a new trial.
*41 Next, the dissent observes that a jury verdict may be set aside where it is “contrary to law.” MCR 2.611(A)(1)(e). The dissent views an inconsistent or incongruent verdict as “contrary to law.” Post at 42, n 2. We need not construe that phrase because the trial court did not employ the dissent’s interpretation as a basis for granting a new trial. The court did not find that the verdict was “contrary to law.”
But even if a jury verdict may be set aside on the basis of inconsistency under our current rule, the trial court did not apply the standard in existing case law for reviewing inconsistent verdicts. If a verdict appears inconsistent, a court must “make every effort to reconcile the seemingly inconsistent verdicts.” Bean, supra at 31, quoting Lagalo v Allied Corp, 457 Mich 278, 282; 577 NW2d 462 (1998). A new trial may not be granted if an interpretation of the evidence logically explains the jury’s findings. Id. The trial court did not apply this standard.
V. CONCLUSION
A court may grant a new trial following a jury verdict only for one of the reasons stated in MCR 2.611(A)(1). On the facts presented here, the trial judge lacked a legal basis to grant a new trial. Accordingly, we reverse the Court of Appeals and remand to the trial court for entry of a judgment consistent with the original jury verdict.
Taylor, Young, and Markman, JJ., concurred with Corrigan, C.J.
Weaver, J., concurred in the result only.

 Unpublished opinion per curiam, issued July 31, 1998 (TDocket No. 199501).

 The judge who presided over the trial and granted the new trial motion was not present during deliberations when the jury sent this note. A substitute judge gave the jury the written instruction to which the parties had agreed.

 The verdict form had not differentiated medical expenses from pain and suffering.

 Contrary to the dissent’s assertion, the record does not reflect that the trial court applied the great weight of the evidence standard. Because WeUer, Fordon, and Mosley referred to the great weight of the evidence, the dissent speculates that the trial court here applied that standard. This rationalization of the trial court’s decision has no basis in the court’s actual ruling. Moreover, Weller, Fordon, and Mosley were decided on other bases in addition to the great weight of the evidence, thus further undermining the dissent’s chain of reasoning.

 The dissent states that our description of the underlying facts and procedural history “impliedly casts” doubt on plaintiffs credibility. We reject this characterization. The original jury in this case resolved credibility issues when it declined to award damages for pain and suffering. We base our decision solely on the trial court’s failure to find a basis in the governing court rule to upset the jury’s verdict.