# STATE OF MICHIGAN

# COURT OF APPEALS

RIAZ SAIYED and ZAHID SAIYED,

        Plaintiffs-Appellants,

and

ZIAHASAN SAIYED,

        Plaintiff,

v

SAMANTHA ELAINE NAIR and RAJ NAIR,

        Defendants-Appellees,

and

FORD MOTOR CREDIT COMPANY,

        Defendant.

UNPUBLISHED
May 22, 2018

No. 338549
Washtenaw Circuit Court
LC No. 14-000160-NI

Before: RONAYNE KRAUSE, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

        In this action for third-party economic and noneconomic damages under the no-fault act, MCL 500.3101 *et seq.*, plaintiffs Riaz Saiyed and Zahid Saiyed appeal as of right a stipulated order dismissing Ziahasan Saiyed and Ford Motor Credit Company from the case with prejudice. Previously, the trial court entered judgment in favor of defendants Samantha Elaine Nair and Raj Nair upon the jury's verdict finding plaintiffs[1] had no cause of action against defendants.[2] Defendants now appeal that judgment. We affirm.

---

[1] We refer to Riaz and Zahid as "plaintiffs" because Ziahasan is not a party to this appeal.

[2] We refer to Samantha and Raj as "defendants" because Ford Motor Credit Company is not a party to this appeal.

-1-

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiffs, who are brothers, claimed that they were injured after an automobile accident caused by Samantha in which she admitted to driving the car, which was owned by Raj, in a negligent manner. Plaintiffs sued defendants seeking economic damages in excess of the statutory maximum and for future damages beyond the first three years after the accident pursuant to MCL 500.3135(3)(c), and for noneconomic damages pursuant to MCL 500.3135(1). Because defendants admitted negligence in causing the automobile accident the trial was limited to whether plaintiffs were injured, whether any injuries were proximately caused by the accident, and if there were such injuries, whether plaintiffs were entitled to economic or noneconomic damages under the no-fault act.

The jury found that plaintiffs were injured and that their injuries were proximately caused by defendants. However, the jury determined that plaintiffs' injuries did not result in economic damages that exceeded the statutory maximum for the first three years or extended at all beyond the first three years after the accident. Further, the jury found that plaintiffs were not entitled to noneconomic damages because their injuries did not amount to a serious impairment of a bodily function or a permanent serious disfigurement. The trial court entered a judgment of no cause of action against plaintiffs and in favor of defendants based on that jury verdict. Plaintiffs filed the instant appeal asserting that the jury's verdict was not supported by the evidence admitted at trial. [3]

## II. PRESERVATION & WAIVER

Defendants argue that we should not consider the merits of plaintiffs' appeal because their failure to move the trial court for postjudgment relief of the jury's verdict rendered any errors waived. We agree.

### A. APPLICABLE LAW & ANALYSIS

Our Supreme Court provided a thorough discussion of the "raise or waive" rule of appellate review in *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008) (footnotes omitted):

> Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a "failure to timely raise an issue waives review of that issue on appeal."

---

[3] Plaintiffs' brother, Zakir Saiyed, filed a separate suit against defendants in which he sought similar damages. The two cases were consolidated for trial, the jury also found that Zakir had no cause of action, and we affirmed. *Zakir Saiyed v Nair*, unpublished per curiam opinion of the Court of Appeals, issued March 6, 2018 (Docket No. 335917).

The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute.

"An issue must have been raised before and addressed and decided by the trial court to be deemed preserved for appellate review." *Lenawee Co v Wagley*, 301 Mich App 134, 164; 836 NW2d 193 (2013). The record is plain that plaintiffs did not contest the jury's verdict in any way after it was rendered. There was not a motion for a new trial asserting that the jury's verdict was against the great weight of the evidence. There also was not a motion for judgment notwithstanding the verdict (JNOV) on the grounds that the jury's verdict was contrary to law. Nor was there a motion for additur in lieu of a new trial pursuant to MCR 2.611(E), where plaintiffs argued that the jury's verdict was clearly or grossly inadequate. Plaintiffs' failure to raise their issues before the trial court rendered them unpreserved, *Lenawee Co*, 301 Mich App at 164, and, consequently, any error was waived, *Walters*, 481 Mich at 387-388.

## B. MISCARRIAGE OF JUSTICE

As noted, *supra*, we are still permitted to consider unpreserved issues in civil cases "to prevent a miscarriage of justice . . . ." *Id*. at 387. The Michigan Supreme Court, however, has cautioned this Court against exercising such discretion in situations such as this case, where a party is arguing, for the first time on appeal, that a jury's verdict was not adequately supported by the evidence admitted at trial. *Napier v Jacobs*, 429 Mich 222, 231-233; 414 NW2d 862 (1987) (noting that the parties' constitutional rights to a trial by jury were implicated and stating that "[t]his Court has ruled that such power of review is to be exercised quite sparingly . . . ."). The Court provided the following reasoning for limiting an appellate court's discretion in reviewing such issues:

The instant case does not involve, for example, a criminal defendant faced with imprisonment who claims for the first time on appeal that the evidence at trial was insufficient to support the verdict. [The d]efendant raises no injustice other than the loss of a favorable jury verdict. While [the] defendant asserts that manifest injustice and a miscarriage of justice would occur if appellate review of the sufficiency of the evidence were denied in the instant case, defendant fails to describe the nature of that injustice. More than the fact of the loss of the money judgment of $60,000 in this civil case is needed to show a miscarriage of justice or manifest injustice. A contrary ruling in the instant case would, in effect, impose a duty in every civil case on the trial judge to review sua sponte the sufficiency of the evidence and to grant unrequested verdicts. Such a rule would

be in patent conflict with our adversary system of civil justice. [*Id*. at 233-234 (footnotes omitted).]

Plaintiffs, like the defendant in *Napier*, assert that upholding the jury's verdict and the trial court's entry of judgment on that verdict would cause them to lose out on money damages. Besides disagreeing with the jury's decision based on the evidence admitted at trial, plaintiffs have not identified any "miscarriage of justice." *Id*. As the Court ruled in *Napier*, 429 Mich at 233-234, a showing of a miscarriage of justice requires "[m]ore than the fact of the loss of [a] money judgment . . . in [a] civil case . . . ." Consequently, because plaintiffs have waived any error resulting from the trial court's entry of judgment on the jury's verdict and have not alleged any miscarriage of justice that would permit this Court to consider the issue, it would be improper to consider the merits of plaintiffs' arguments. See *Walters*, 481 Mich at 387-388; see also *Napier*, 429 Mich at 234-235. To wit, the Court in *Napier* held that "the Court of Appeals arguably exceeded its appellate authority" under Const 1963, art 6, § 10, when this Court ruled "on the sufficiency of the evidence without proper motions at trial preserving the issue and without a showing of a miscarriage of justice . . . ." *Napier*, 429 Mich at 234. "The alleged insufficiency was not manifest enough for the [appellant] to make it an issue at trial, and no extraordinary basis for exploring it on appeal has been advanced." *Id*. at 235. Thus, we refuse to consider the merits of plaintiffs' arguments. See *id*.[4]

Nevertheless, we have reviewed the entire record provided on appeal, and hold that even if the trial court properly had been moved for a new trial or JNOV, it would not have been an abuse of discretion to deny that motion, considering that the jury's verdict was substantially supported by the evidence admitted at trial.[5]

---

[4] We note separately that a panel of this Court reached the same conclusion in Zakir's remarkably similar appeal, reasoning that "nothing in the trial court record establishes that the jury's verdict resulted in a miscarriage of justice." *Zakir Saiyed*, unpub op at 2. "The parties presented their evidence, and the jury simply rejected [Zakir's] contention that he suffered economic damages entitling him to compensation or a serious impairment of a body function entitling him to noneconomic damages." *Id*.

[5] Briefly, defendants presented expert testimony from an orthopedic surgeon and a biomedical engineer establishing that the automobile accident would not and did not cause the long-term injuries alleged by plaintiffs, and that there was no reason plaintiffs could not return to full-time work. The orthopedic surgeon also testified that, based on MRIs and CT scans, the more serious injuries alleged by plaintiffs existed before the accident took place. Thus, although the jury must have believed that plaintiffs suffered minor injuries caused by defendants' negligence, the jury also must have believed defendants' evidence that any missed work during the first three years following the accident that exceeded the statutory limit was not due to those minor injuries, that the minor injuries would not have resulted in compensable economic damages after three years, and that the injuries did not result in a serious impairment of a body function or a serious permanent disfigurement. Having made those factual determinations, the jury properly found no cause of action because plaintiffs' claims for economic and noneconomic damages pursuant to

Affirmed. Defendants being the prevailing parties may tax costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Riordan

---

MCL 500.3135 were barred. Consequently, plaintiffs' claims must fail because "an interpretation of the evidence logically explains the jury's findings." *Kelly v Builders Square, Inc*, 465 Mich 29, 41; 632 NW2d 912 (2001). To the extent that plaintiffs urge us to re-evaluate the credibility of the witnesses, we refuse to do so. *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 544; 854 NW2d 152 (2014) ("Issues of witness credibility are for the jury to decide.").