*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JERRY D. PAUL and JOANNE PAUL,

UNPUBLISHED
May 21, 2020

Plaintiffs-Appellees,

v

No. 345507
Isabella Circuit Court
LC No. 16-013174-CZ

FARM BUREAU INSURANCE COMPANY OF
MICHIGAN,

Defendant-Appellant.

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

This auto-accident case returns to this Court on remand from the Michigan Supreme Court for consideration of a single issue as on leave granted. We conclude that the trial court erroneously granted partial summary disposition in favor of plaintiff under MCR 2.116(I)(2). Therefore, we vacate the trial court's grant of summary disposition and remand for further proceedings.

## I. BACKGROUND

This case arises from an auto accident that occurred in Indiana in 2015. On an earlier appeal, this Court described the facts surrounding the accident as follows:

> On February 14, 2015, as plaintiff and his wife Joann Paul [sic] were driving through Indiana on their way to Florida, they became involved in a multi-vehicle pileup caused by a whiteout. As visibility improved, plaintiff exited his vehicle; his wife remained inside. Another vehicle then struck plaintiff's vehicle propelling it into plaintiff causing him to sustain serious injuries. The other vehicle left the scene and it is unknown whether that vehicle was insured. [*Paul v Farm Bureau Ins Co of Mich*, unpublished per curiam opinion of the Court of Appeals, issued June 19, 2018 (Docket No. 339075); slip op at 1 (*Paul I*).]

In *Paul I*, the Court noted that Joanne Paul had originally asserted a loss of consortium claim, but had withdrawn the claim. Jerry Paul is now the sole plaintiff. *Id*. at 1.

-1-

Plaintiff's insurer, Farm Bureau, paid personal-injury-protection benefits to plaintiff but declined to pay uninsured-motorist benefits under the insurance policy's hit-and-run provision. Plaintiff sued Farm Bureau, seeking uninsured-motorist benefits. After discovery, Farm Bureau moved for summary disposition. Farm Bureau argued that plaintiff's claim was barred by the sudden-emergency doctrine and by the policy provision that required "actual physical contact" between the "hit-and-run auto" and "the injured person or the auto the injured person is occupying." The trial court granted summary disposition on the "actual physical contact" ground, upon finding that the unidentified vehicle that hit plaintiff's vehicle did not have actual physical contact with plaintiff and, therefore, plaintiff's injury was not covered by the policy's uninsured-motorist provision. *Id*. at 2.

In *Paul I*, this Court reversed the trial court's grant of summary disposition to defendant, concluding that the collision between the unidentified vehicle and plaintiff's vehicle satisfied the "actual physical contact" requirement of the insurance policy. *Id*. at 3. The Court declined to address whether the sudden-emergency doctrine precluded plaintiff's claim, writing "Although defendant urges us to affirm on the alternate ground that the 'sudden emergency' doctrine precludes plaintiff's claim, we decline to do so on this record in light of the potentially fact-intensive nature of the inquiry and the fact that the trial court did not rule on this issue." *Id*. at 6-7. The *Paul I* Court remanded to the trial court for further proceedings. *Id*. at 7.

On remand, Farm Bureau again sought summary disposition under MCR 2.116(C)(10), renewing its argument that the sudden-emergency doctrine barred plaintiff's claim. The parties disputed the facts relevant to the sudden-emergency doctrine. In particular, the parties disputed whether there was a whiteout that obstructed visibility at the time the unidentified vehicle struck plaintiff's vehicle, or whether, as the *Paul I* panel stated in passing, plaintiff had exited his vehicle as visibility improved. *Id*. at 1.

In response to Farm Bureau's renewed motion for summary disposition, plaintiff submitted an affidavit signed by his wife. In the affidavit, plaintiff's wife addressed the weather conditions that existed when plaintiff's vehicle struck the vehicle in front of it, as well as the weather conditions that existed when the unidentified car struck plaintiff's vehicle. In the affidavit, plaintiff's wife stated that, after the initial impact, "it seemed that several minutes passed while my husband and I sat in our minivan. During the time that we sat in our minivan, the wind had stopped blowing hard, and the 'whiteout' conditions that existed minutes earlier had cleared up and the visibility was much better." In addition, plaintiff's wife stated, "At the time our minivan was hit, the snow had stopped and the visibility was much better than when we were driving just minutes before." Generally, plaintiff's wife described fluctuating weather and visibility conditions that changed several times "from no snow and good visibility, back to snowy white out and bad visibility, and back to [sic] again to no snow and good visibility." In the trial court and on appeal, Farm Bureau argued that the affidavit was inconsistent with earlier deposition testimony given by plaintiff's wife.

Based on the affidavit, the trial court concluded that a question of fact existed "regarding whether the hit and run driver brought about the emergency by his own negligence." Therefore, the trial court denied Farm Bureau's motion for summary disposition. The trial court further noted that there were "no other facts to come before the Court," other than the statements in the affidavit, regarding the weather conditions at the time the hit-and-run driver struck plaintiff's vehicle. The

trial court therefore granted summary disposition, with regard to liability, in favor of plaintiff under MCR 2.116(I)(2). The trial court ruled that Farm Bureau was liable to plaintiff under the uninsured-motorist provision of the policy, and the only question remaining for the jury was the amount of damages suffered by plaintiff.

Farm Bureau sought leave to appeal the denial of its motion for summary disposition and the grant of partial summary disposition in favor of plaintiff. This Court denied leave to appeal "for failure to persuade the Court of the need for immediate appellate review." *Paul v Farm Bureau Ins Co of Mich*, unpublished order of the Court of Appeals, entered February 26, 2019 (Docket No. 345507). Farm Bureau then sought leave to appeal to the Michigan Supreme Court, which remanded the case to this Court "for consideration, as on leave granted, of the defendant's Issue II," concerning the trial court's grant of summary disposition to plaintiff. *Paul v Farm Bureau Ins Co of Mich*, 504 Mich 939 (2019). In all other respects, the Supreme Court denied the application for leave to appeal. *Id*. The case now returns to this Court as on leave granted, for consideration of the narrow issue whether the trial court properly granted plaintiff's motion for summary disposition under MCR 2.116(I)(2).

II. ANALYSIS

Farm Bureau argues that the trial court erred when it granted partial summary disposition to plaintiff under MCR 2.116(I)(2) because a genuine issue of material fact exists regarding the applicability of the sudden-emergency doctrine.

This Court reviews de novo a trial court's grant or denial of summary disposition under MCR 2.116(I)(2). *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996). A trial court may only grant summary disposition to a party under this rule if there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. *1300 LaFayette East Coop, Inc v Savoy*, 284 Mich App 522, 525; 773 NW2d 57 (2009).

"Uninsured motorist insurance permits an injured motorist to obtain coverage from his or her own insurance company to the extent that a third-party claim would be permitted against the uninsured at-fault driver." *Rory v Continental Ins Co*, 473 Mich 457, 465; 703 NW2d 23 (2005). On the facts of this case, to recover pursuant to the uninsured-motorist provisions of the policy, plaintiff would be required to prove that the unidentified driver was negligent when he struck plaintiff's vehicle from behind.

Farm Bureau argued that the hit-and-run driver did not act negligently because he faced a "sudden emergency." The "sudden emergency" doctrine is "a logical extension of the 'reasonably prudent person' rule. The jury is instructed . . . that the test to be applied is what that hypothetical, reasonably prudent person would have done under all the circumstances of the accident, whatever they were." *Baker v Alt*, 374 Mich 492, 496; 132 NW2d 614 (1965). Yet, the sudden-emergency doctrine does not apply "if the peril was caused by negligence on the part of plaintiff's driver or if his negligence contributed to such result." *Socony Vacuum Oil Co, Inc v Marvin*, 313 Mich 528, 546; 21 NW2d 841 (1946). Therefore, the doctrine does not apply if the negligence of the hit-and-run driver contributed to or brought about the sudden peril with which Farm Bureau claims that driver was confronted. The visibility at the time the hit-and-run driver struck plaintiff's vehicle is therefore critical to determining the applicability of the doctrine to the facts of this case.

The trial court considered the account of the weather conditions given by plaintiff's wife in her affidavit as conclusive on this issue. This was error because "the jury is free to credit or discredit any testimony." *Kelly v Builders Square, Inc*, 465 Mich 29, 39; 632 NW2d 912 (2001). A jury "may disbelieve the most positive evidence, even when it stands uncontradicted; and the judge cannot take from them their right of judgment." *Wooden v Durfee*, 46 Mich 424, 427; 9 NW 457 (1881). Even "[u]ncontradicted testimony may be disentitled to conclusiveness because, from lapse of time or other circumstances, it may be inferred that the memory of the witness [is] imperfect as to the facts to which he testified, or that he recollects what he professes to have forgotten." *Cuttle v Concordia Mut Fire Ins Co*, 295 Mich 514, 519; 295 NW 246 (1940). When the resolution of a case rests solely on the credibility of testimony offered by a witness, summary disposition is inappropriate because a jury question necessarily exists. Ultimately, it is the jury's job—not the job of the trial court or of this Court—to assess whether the account of the weather and visibility conditions given by plaintiff's wife is true.

Even accepting the statements made by plaintiff's wife in the affidavit as true, opposing inferences could still be drawn regarding the weather and visibility conditions at the time of the accident, given the testimony of other witnesses that the conditions were rapidly changing and the events involved in the multi-vehicle accident happened quickly. Because there is other evidence in the record from which opposing inferences could be drawn, a question of fact necessarily exists, and the trial court erroneously granted summary disposition in favor of plaintiff.

Finally, it is not lost on this Court that plaintiff's entire argument regarding the applicability of the "sudden emergency" doctrine is based on an affidavit filed after the close of discovery and with a response brief opposing a motion for summary disposition. Even if not wholly inconsistent with her earlier deposition testimony, it remains that Farm Bureau has not had the opportunity to test the recollection of plaintiff's wife as stated in the affidavit by cross-examination.

Because the trial court erroneously granted partial summary disposition in favor of plaintiff under MCR 2.116(I)(2), we vacate the trial court's grant of summary disposition and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. Neither party having prevailed in full, no costs may be taxed under MCR 7.219(F).

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly