*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 4, 2021

v

No. 351800
Genesee Circuit Court
LC No. 17-042433-FH

ALA ELIA DABISH,

Defendant-Appellant.

Before: SWARTZLE, P.J., and MARKEY and TUKEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of arson of insured real property, MCL 750.76(1)(b), and third-degree arson, MCL 750.74. Defendant was sentenced to imprisonment of one year and five years of probation for each offense. Defendant argues that the evidence presented at trial was insufficient to prove his guilt beyond a reasonable doubt and that he was denied the effective assistance of counsel because his trial counsel failed to object to improper closing arguments by the prosecution. We affirm.

## I. UNDERLYING FACTS

This case arises out of a fire at defendant's business, called "Snack Depot." Security footage showed defendant, who was alone in the store, walk behind a curtain and then exit the store. The fire appeared to start behind the curtain immediately after defendant left. Two expert witnesses testified for the prosecution that the fire was intentionally set by a human being. Defendant presented his own expert witness who testified that, while it was possible that defendant started the fire, it was also possible that a light fixture started the fire. Defendant purchased the building earlier in the year for $84,000 and had an insurance policy worth more than $1 million. As discussed above, the jury found defendant guilty of both counts. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution failed to present sufficient evidence to sustain his convictions. We disagree.

-1-

## A. STANDARD OF REVIEW

A valid criminal conviction requires proof beyond a reasonable doubt of every element of every crime. *People v Jaffray*, 445 Mich 287, 296; 519 NW2d 108 (1994). A challenge to the sufficiency of the evidence to support a criminal conviction presents a question of law subject to review de novo, *People v Herndon*, 246 Mich App 371, 415; 633 NW2d 376 (2001), and rests on constitutional grounds, as "[d]ue process requires the prosecution in a criminal case to introduce sufficient evidence to justify a trier of fact in its conclusion that the defendant is guilty beyond a reasonable doubt." *People v Breck*, 230 Mich App 450, 456; 584 NW2d 602 (1998).

When reviewing the sufficiency of the evidence in a criminal case, a court must view the evidence of record in the light most favorable to the prosecution to determine whether a rational trier of fact could find that each element of the crime was proved beyond a reasonable doubt. *Id.* A reviewing court "must consider not whether there was any evidence to support the conviction but whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Wolfe*, 440 Mich 508, 513-514; 489 NW2d 748, amended 441 Mich 1201 (1992) (citation and quotation marks omitted). Our "standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (citation omitted). "Conflicting evidence and disputed facts are to be resolved by the trier of fact. Minimal circumstantial evidence and reasonable inferences can sufficiently prove the defendant's state of mind, knowledge, or intent." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821 (2019) (citations omitted). Similarly, "[c]ircumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). As such, a conviction based on insufficient evidence violates due process. See *id*.

## B. ANALYSIS

Third-degree arson is defined by MCL 750.74, which provides, in relevant part:

> (1) Except as provided in sections 72 and 73, a person who does any of the following is guilty of third degree arson:
>
> (a) Willfully or maliciously burns, damages, or destroys by fire or explosive any building or structure, or its contents, regardless of whether it is occupied, unoccupied, or vacant at the time of the fire or explosion.

As explained by this Court in *People v Nowack*, 462 Mich 392, 409; 614 NW2d 78 (2000):

> To establish that a defendant acted wilfully or maliciously and voluntarily, the prosecution must prove one of the following: 1) that the defendant intended to do the physical act constituting the actus reus of arson, i.e., starting a fire or doing an act that results in the starting of a fire (intentional arson); or 2) that the defendant intentionally committed an act that created a very high risk of burning a dwelling house, and that, while committing the act, the defendant knew of the risk and disregarded it (wanton arson).

Consequently, the elements of third-degree arson are: (1) a defendant willfully or maliciously and voluntarily; (2) burns, damages, or destroys by fire or explosive; (3) any building. MCL 750.74.

Arson of insured real property, MCL 750.76, adds two additional elements to third-degree arson and provides, in relevant part:

> (1) A person who willfully or maliciously burns, damages, or destroys by fire or explosive any of the following or the contents of any of the following is guilty of arson of insured property:
>
> * * *
>
> (b) Except as provided in subdivision (a), any building, structure, or other real property that is insured against loss from fire or explosion if the person caused the fire or explosion with the intent to defraud the insurer.

Consequently, the elements of arson of an insured dwelling are that a defendant: (1) willfully or maliciously and voluntarily; (2) burns, damages, or destroys by fire or explosive; (3) any building; (4) that is insured against loss from fire or explosion; (5) with the intent to defraud the insurer. MCL 750.76.

It is undisputed that the building was burned and that it was insured. Defendant disputes the other two elements of the offense, asserting that he did not start the fire and that the prosecution failed to establish that, even if he had burned the building, he had any intent to defraud his insurer. Consequently, we review only the contested facts relating to whether he had burned the building and whether he had fraudulent intent.

The prosecution presented testimony from two expert witnesses that the fire was intentionally set by a human being. These experts explained that they could not determine certain facts, including whether an accelerant was used, and the initial source of the fire. Nevertheless, the prosecution experts were certain that a human started the fire. The prosecution also presented security footage of defendant walking behind a curtain and then exiting the building. The footage showed what appeared to be a fire on the other side of the curtain immediately after defendant left. This evidence was sufficient for a rational jury to infer that defendant intentionally, i.e. willfully, set the fire.[1]

---

[1] Defendant asserts that because he had an expert witness who testified contrary to the prosecution's expert witnesses that there necessarily was reasonable doubt as a matter of law, and thus insufficient evidence: "If there were conflicting evidence, and two experts disagree on the point, that in and of itself is reasonable doubt." Defendant cites no authority for that proposition, because it is utterly incorrect:

> Of course, appellate courts are not juries, and even when reviewing the sufficiency of the evidence they must not interfere with the jury's role:

"[An appellate court] must remember that the jury is the sole judge of the facts. It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact . . . . Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony." [*People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992) (citation omitted; alteration in original), amended on other grounds 441 Mich 1201 (1992).]

"Indisputably, 'a jury may disbelieve the most positive evidence, even when it stands uncontradicted.' " *People v Cain*, 238 Mich App 95, 118; 605 NW2d 28 (1999) (citation omitted). "In short, the jury is free to credit or discredit any testimony," *Kelly v Builders Square, Inc*, 465 Mich 29, 39; 632 NW2d 912 (2001), and "[w]ith regard to expert testimony, after the expert has been properly qualified by the court, credibility determinations are generally handled in the same manner as for lay witnesses." *People v Yost*, 468 Mich 122, 128; 659 NW2d 604, 608 (2003) (footnote omitted). Thus, juries are instructed, with regard to expert witnesses, that

(1)You have heard testimony from a witness, _____, who has given you [his / her] opinion as an expert in the field of _____. Experts are allowed to give opinions in court about matters they are experts on.

(2) However, you do not have to believe an expert's opinion. Instead, you should decide whether you believe it and how important you think it is. When you decide whether you believe an expert's opinion, think carefully about the reasons and facts [he / she] gave for [his / her] opinion, and whether those facts are true. You should also think about the expert's qualifications, and whether [his / her] opinion makes sense when you think about the other evidence in the case. [M Crim JI 5.10 Expert Witness.]

Indeed, the trial judge instructed the jury, without objection from defendant, based on this model jury instruction, stating:

You have heard testimony from several witnesses who have given you their opinions as experts in the field of origin and cause of fire investigation. Experts are allowed to give opinions in Court about matters they are experts on.

However, you do not have to believe in an expert's opinion. Instead, you should decide whether you believe it and how important you think it is. When you decide whether you believe an expert's opinion, think carefully about the reasons and facts that he gave for his opinion, and whether those facts are true. You should also think about the expert's qualifications, and whether his opinion makes sense when you think about the other evidence in the case.

"[J]urors are presumed to follow their instructions." *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008). Thus, if the jury rejected defendant's expert's testimony, it was entirely within its rights to do so; and more to the point, for purposes of determining the sufficiency of the

Furthermore, circumstantial evidence and reasonable inferences that could be drawn from circumstantial evidence were sufficient for a rational juror to find that defendant intended to defraud his insurer by setting the fire and burning his building. See *Miller*, 326 Mich App 719, 735. Defendant acquired the building for $84,000, but had an insurance policy worth more than $1 million. Moreover, defendant had a conversation with his insurance representatives about his policy within the month preceding the fire. A jury could reasonably infer from this evidence that defendant wanted to burn down his building because the insurance proceeds would have resulted in a substantial profit. Additionally, the lack of any other apparent motive for defendant to set the fire makes such a finding by the jury more reasonable.

The prosecution offered sufficient evidence for a rational juror to find all of the elements of the offense, beyond a reasonable doubt: that defendant (1) willfully set a fire in the building; (2) the fire burned the building; (3) the building was insured; (4) and defendant set the fire to defraud his insurer. Thus, the prosecution offered sufficient evidence to convict defendant of third-degree arson and arson of insured real property.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant additionally argues that his trial counsel was ineffective because his trial counsel failed to object to allegedly improper comments made by the prosecution during closing arguments that shifted the burden of proof to defendant. We disagree.

## A. STANDARD OF REVIEW

Regardless of whether a claim of ineffective assistance is properly preserved, if the trial court did not hold a *Ginther*[2] hearing, "our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

## B. ANALYSIS

A "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel." *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. To establish an ineffective assistance of counsel

___

evidence, insofar as expert testimony is concerned, only the prosecution's expert testimony is properly considered.

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973). No *Ginther* hearing was held in this case.

claim, a defendant must show that (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. [*People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citations omitted).]

The "reasonable probability" standard can be satisfied by less than a preponderance of the evidence. *People v Trakhtenberg*, 493 Mich 38, 56; 826 NW2d 136 (2012). Finally, "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant argues that his trial counsel's performance fell below an objective standard of reasonableness because the prosecutor improperly shifted the burden of proof to the defense during closing arguments, and defense counsel failed to object. Resolution of this issue requires an examination of whether the prosecutor's comments were improper. This Court reviews "claims of prosecutorial misconduct case by case, examining the remarks in context, to determine whether the defendant received a fair and impartial trial." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). "A prosecutor may not imply in closing argument that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). Furthermore, it is permissible for the prosecution to make arguments relating to the credibility of a defendant's witnesses. *People v Dobek*, 274 Mich App 58, 67; 732 NW2d 546 (2007). This is true "especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004).

Defendant argues that the prosecutor's comments during closing arguments about defendant's expert witness shifted the burden of proof to defendant. We disagree. In closing arguments, the prosecutor challenged the credibility of defendant's expert witness by pointing out that defendant's expert witness did not write a report explaining his findings in this case; the prosecutor also criticized defendant's expert for failing to contact the prosecutor's expert witnesses to discuss the fire. While one could argue that these attacks on defendant's expert in some way communicated that defendant was required to produce evidence supportive of his position, our Supreme Court has in fact rejected that argument. See *People v Fields*, 450 Mich 94, 107; 538 NW2d 356 (1995) ("Arguments regarding the weight and credibility of the witnesses and evidence presented by defendant do not shift the burden to the defendant to prove his innocence, but rather question the reliability of the testimony and evidence presented."). Thus, any objection that the prosecutor's comments during closing argument shifted the burden of proof to defendant would have been futile. Consequently, defendant's trial counsel was not ineffective for failing to make such an objection. See *Ericksen*, 288 Mich App at 201.

## IV. CONCLUSION

There was sufficient evidence to support defendant's convictions, and he received the effective assistance of counsel. Consequently, for the reasons stated in this opinion, defendant's convictions are affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Jonathan Tukel