*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEANNA LYNN LYONS,

      Plaintiff-Appellant,

UNPUBLISHED
March 21, 2024

v

No. 365109
Ottawa Circuit Court

ERIENNE ILAH BAILEY, formerly known as
ERIENNE ILAH SMITH,

LC No. 20-006185-NI

      Defendant-Appellee.

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Plaintiff was injured when she was walking across a parking lot and defendant hit her while driving. A jury returned a verdict for plaintiff in the amount of $72,500. We affirm.

The facts of this case are undisputed. Defendant was driving her car when she turned around in a parking lot and struck plaintiff, who was walking across the parking lot. Plaintiff's ankle was injured and required surgery. Plaintiff sued defendant for a serious impairment of bodily function, and defendant admitted to being negligent on the first day of the trial.

Plaintiff called several witnesses who testified that she was not able to lead her normal life after her ankle was injured. This included plaintiff's inability to watch her grandchildren, enjoy her pig farm, or engage in other life activities that required her mobility. Additionally, the orthopedic surgeon who treated plaintiff testified that he drilled holes in plaintiff's bone to help heal plaintiff's ankle fracture. This procedure, however, resulted in mild posttraumatic arthritis that would likely contribute to recurrent pain. Plaintiff testified about the pain she suffered before, and after, the surgery. According to plaintiff, this pain was exacerbated because she did not like to take pain medication due to her "bad kidneys."

Defendant cross-examined the orthopedic surgeon and asked him about plaintiff's medical history regarding her smoking cigarettes. The orthopedic surgeon answered that smoking cigarettes could hamper the healing process, but he could not say that it had any bearing on plaintiff's treatment or healing in a "non-operative" way.

Defendant did not present any witnesses for trial, and she introduced medical records and photos of the vehicle after the collision, before resting her case. Plaintiff moved for a directed verdict on the issue of serious impairment of bodily function, and the trial court granted plaintiff's motion. The jury was instructed that its only determination would be on the amount of damages that should be awarded to plaintiff. The jury verdict form contained lines for plaintiff's damages through the present date, as well as 23 other lines, for each year starting with 2022 and ending with 2044, to represent any award for noneconomic damages in the future.

The jury sent several questions to the trial court during deliberations. Relevant to this appeal, the jury asked, "Is the table listed on the jury form take [sic] the plaintiff's issue of kidney function and history of smoking?" as well as "Is zero dollars an amount acceptable?"

The parties agreed with the trial court's proposed answer to the first question, that the jury was "to consider any noneconomic damages that were caused by the defendant's actions." The trial court proposed that it would answer the second question by telling the jury, "Yes, zero is a number so you may pick zero or any other number on any line of the verdict form." Plaintiff objected, and she argued that zero would be an inappropriate amount because the jury was required to award damages to compensate her injuries. The trial court denied plaintiff's objection and provided the above response to the jury.

The jury then returned a verdict for plaintiff in the amount of $15,000 for noneconomic loss through the trial date as well as $2,500 for future noneconomic damages for each year from 2022 through 2044, totaling $72,500.

Plaintiff then moved for a new trial or additur. She argued that the trial court erred by instructing the jury that zero was a number it could choose, and the jury's award was lower than similar cases in Michigan in which the award was over $300,000. The trial court denied plaintiff's motion, holding that its instruction was proper because the jury-verdict form had 24 different lines that the jury could have found it appropriate to award zero dollars. Further, the total award was reasonable, notwithstanding the comparison to other cases, because it was not against the weight of the evidence.

Plaintiff now appeals.

This Court reviews a trial court's decision on a motion for a new trial or additur for an abuse of discretion. *Hill v Sacka*, 256 Mich App 443, 460; 666 NW2d 282 (2003). A trial court abuses its discretion when its decision falls "outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). This Court gives substantial deference to a court's determination that a verdict was not against the great weight of the evidence. *Guerrero v Smith*, 280 Mich App 647, 666; 761 NW2d 723 (2008).

Plaintiff first argues that the trial court erred by denying her motion for a new trial because the trial court's instructions, concerning the jury's two aforementioned questions, were an error of law. "The grounds for granting a new trial, including a verdict contrary to the great weight of the evidence, are…codified at MCR 2.611(A)(1)." *Kelly v Builders Square*, 465 Mich 29, 38; 632 NW2d 912 (2001). MCR 2.611(A) provides that a new trial may be granted for any of the following reasons:

(a) Irregularity in the proceedings of the court, jury, or prevailing party, or an order of the court or abuse of discretion which denied the moving party a fair trial.

(b) Misconduct of the jury or of the prevailing party.

(c) Excessive or inadequate damages appearing to have been influenced by passion or prejudice.

(d) A verdict clearly or grossly inadequate or excessive.

(e) A verdict or decision against the great weight of the evidence or contrary to law.

(f) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial.

(g) Error of law occurring in the proceedings, or mistake of fact by the court.

(h) A ground listed in MCR 2.612 warranting a new trial.

"A new trial may not be granted if an interpretation of the evidence logically explains the jury's findings." *Kelly*, 465 Mich at 41. A jury's verdict may not be set aside if there is competent evidence to support it, and the trial court cannot substitute its judgment for that of the factfinder unless the record reveals a miscarriage of justice. *Ellsworth v Hotel Corp of America*, 236 Mich App 185, 194; 600 NW2d 129 (1999).

Plaintiff relies on *Weller v Mancha*, 353 Mich 189; 91 NW2d 352 (1958); *Fordon v Bender*, 363 Mich 124; 108 NW2d 896 (1961); and *Moseley v Dati*, 363 Mich 690; 110 NW2d 637 (1961) for the proposition that a new trial is warranted where a jury fails to award any noneconomic damages despite the fact that damages were not contested a trial. Plaintiff ignores, however, that our Supreme Court has ruled that "*Weller*, *Fordon*, and *Mosley* are no longer relevant [because MCR 2.661(A)(1) was codified]. A jury's award of medical expenses that does not include damages for pain and suffering does not entitle a plaintiff to a new trial unless the movant proves one of the grounds articulated in the court rule." *Kelly*, 465 Mich at 38 (cleaned up).

Further, the jury did award damages in this case. Plaintiff's argument, that the jury award was lowered because the trial court provided improper instructions in answering the questions, is better expressed in her argument that the jury award was too low and, thus, the trial court erred by denying her motion for additur. MCR 2.611(E) governs motions for remittitur and additur, and it states in relevant part:

(1) If the court finds that the only error in the trial is the inadequacy or excessiveness of the verdict, it may deny a motion for new trial on condition that within 14 days the nonmoving party consent in writing to the entry of judgment in an amount found by the court to be the lowest (if the verdict was inadequate) or highest (if the verdict was excessive) amount the evidence will support.

"The proper consideration when reviewing a grant or denial of additur is whether the jury award is supported by the evidence." *Setterington v Pontiac General Hosp*, 223 Mich App 594,

608; 568 NW2d 93 (1997) (cleaned up). "Awards for personal injury damages, particularly pain and suffering, rest within the sound discretion of the trier of fact, and there is no absolute standard for the measurement of such damages." *Meek v Dep't of Transportation,* 240 Mich App 105, 122; 610 NW2d 250 (2000), overruled on other grounds in *Grimes v Dep't of Transportation,* 475 Mich. 72; 715 NW2d 275 (2006). Thus, the adequacy of the amount of a verdict is generally a matter for the jury. *Kelly,* 465 Mich at 35.

The parties agree that our Supreme Court, in *Palenkas v Beaumont Hospital*, 432 Mich 527, 532; 443 NW2d 354 (1989), has held that the inquiry into a jury's verdict for damages should be limited to objective considerations, but a comparison of jury awards in analogous cases can provide an objective means of determining the range of appropriate awards even though they are not exact indicators. Plaintiff presented two similarly situated cases in which the plaintiff suffered an ankle fracture as a result of a vehicle collision and was awarded over $300,000 in noneconomic damages. Thus, according to plaintiff, the jury's award in this case was unreasonably low.

Plaintiff ignores, however, that the jury was presented with testimony concerning plaintiff's injuries at the time of trial and the likelihood that her injuries would persist into the future. Accordingly, the jury awarded plaintiff damages consistent with that evidence. Even though the other cases presented by plaintiff suggest a range of appropriate awards in this case, the jury's verdict was reasonable when considering the facts presented at trial. Thus, affirming the jury's verdict was not outside the range of principled and reasonable outcomes given the evidence that was presented at trial, and the trial court did not abuse its discretion in denying plaintiff's motion for a new trial or additur.

Affirmed.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Christopher P. Yates